[Cite as *Purcell v. Estes*, 2014-Ohio-1027.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT


Tara R. Purcell,                              :

     Petitioner-Appellee,            :

                                    No. 13AP-606
v.                                            :          (C.P.C. No. 12JU-07-9078)

Adam D. Estes,                                :          (REGULAR CALENDAR)

     Respondent-Appellant.           :


---

D E C I S I O N

Rendered on March 18, 2014

---

*James E. Eby*, for Franklin County Child Support Enforcement Agency.

*Christopher J. Minnillo*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

SADLER, P.J.

{¶ 1} Adam D. Estes, respondent-appellant, appeals from the June 27, 2013 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, wherein the trial court dismissed appellant's objections to the magistrate's decision and adopted the decision of the magistrate. For the following reasons, we affirm.

## I. BACKGROUND

{¶ 2}   On July 3, 2012, the Franklin County Child Support Enforcement Agency ("FCCSEA"), responsible for the establishment and enforcement of child support orders,[1] filed and registered with the trial court a petition to establish child support.  FCCSEA, pursuant to the Uniform Interstate Family Support Act ("UIFSA"),[2] made the filing at the request of the Australian Child Support Agency, which received a request for the petition from Tara R. Purcell, petitioner-appellee.  FCCSEA issued a notice informing appellant that "[f]ailure to contest the validity of enforcement of the registered order in a timely manner will result in confirmation of the order and enforcement of the order."  (July 3, 2012 Notice to Non-Registering Party, 1.)  The notice also included contact information for appellee.

{¶ 3}   Appellant filed a motion with the trial court contesting the validity and enforcement of the order to pay child support, and a magistrate conducted a hearing on the issue.  In denying appellant's motion, the magistrate confirmed the registered order, stating "the State of Ohio may enforce Australia's child support assessment." (Magistrate's Decision, 4).  The trial court approved and adopted the magistrate's decision on February 26, 2013.  On March 12, 2013, appellant filed "Objection of Respondent Adam [D.] Estes to the Magistrate's Decision."  The filing stated only that "Respondent, through undersigned counsel, objects to the Magistrate's decision filed February 26, 2013. Respondent reserves the right to supplement the objections upon the receipt of the transcript of the proceedings."  (Mar. 12, 2013 Objection of Respondent Adam [D.] Estes to the Magistrate's Decision.)  According to the certificate of service, appellant served both appellee and FCCSEA.

{¶ 4}   On May 2, 2013, the trial granted appellant's March 12, 2013 "request" to supplement his objection upon the filing of the transcript and continued the hearing on appellant's objection to June 27, 2013.  Appellant filed supplemental objections to the

---

[1] R.C. 3125.03 provides, "[t]he program of child support enforcement shall include the * * * establishment and modification of child support orders and * * * enforcement of support orders, * * * and any other actions appropriate to child support enforcement."
[2] As codified in R.C 3115.01 to 3115.59.

magistrate's decision on May 10, 2013.[3]  According to the certificate of service, appellant only served FCCSEA with the supplemental objections.

{¶ 5}  On June 27, 2013, the trial court issued an entry stating that, "[u]pon the call of the case, respondent's counsel has failed to appear for the hearing before 10:00 A.M. for the hearing scheduled for 9:00 A.M.  Respondent has also failed to perfect service on petitioner."  The trial court then dismissed appellant's objections to the magistrate's decision for "lack of service and failure to appear for hearing."  (June 27, 2013 Entry.)  This appeal followed.

## II.  ASSIGNMENTS OF ERROR

{¶ 6}  Appellant brings the following assignments of error for our review

> [I.]  It was an abuse of discretion and reversible error for the trial court to dismiss objections based upon the nonappearance of counsel at a hearing that was not requested by the objecting party.  Civil Rule 53 does not provide for a hearing unless requested by the objecting party, which did not occur in the case at bar.
>
> [II.]  It was an abuse of discretion and reversible error for the trial court to involuntarily dismiss appellant's objections without notice in advance as required by Civil Rule 41(B)(1).
>
> [III.]  It was an abuse of discretion and reversible error for the trial court to dismiss appellant's objections because of the short, excusable delay occasioned by the non-appearance of appellant's counsel at a time when the appellant was present in court.  The facts and the law did not show that appellant had no right to relief, thereby entitling appellee to dismissal of the objections.
>
> [IV.] It was reversible error for the trial court to dismiss appellant's objections because of a lack of service.  Appellant, the non-initiating party, was not required to serve appellee, the initiating party.  The record shows that service of pleadings and other papers subsequent to the original initiating document were made or, alternatively, service was waived by the appearance of petitioner/appellee's counsel

---

[3] We agree with appellant that "[a]s of May 13, 2013, Appellant had submitted his objections."  (Reply brief, 2.)  Thus, because appellant's March 12, 2013 filing did not include any objections, we treat that filing only as a Civ.R. 53(D)(5) motion for an extension of time under which to file objections to the magistrate's decision.

before trial, at trial, and at subsequent proceedings before the lower court.

## III.  DISCUSSION

### A.  Fourth Assignment of Error

{¶ 7}   Because we find appellant's fourth assignment of error to be dispositive of this appeal, we address it first.   In appellant's fourth assignment of error, he argues "[t]here was no failure of service which would justify the involuntary dismissal of Appellant's objections."   (Appellant's brief, 15.)   Specifically, appellant argues that the presence of FCCSEA's counsel at the June 27, 2013 hearing constituted a waiver of service.

{¶ 8}   Civ.R. 5(A) states that every written pleading, motion, and "similar paper shall be served upon *each of the parties.*"   (Emphasis added.)   Further, Civ.R. 5(D) provides that "[p]apers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed."   " '[W]here there is no proof of service either attached to the filing or separately filed with the trial court, the trial court simply may not consider the filing.' "   *Samaan v. Walker*, 10th Dist. No. 07AP-767, 2008-Ohio-5370, ¶ 11, quoting *Nosal v. Szabo*, 8th Dist. No. 83974, 2004-Ohio-4076, ¶ 21; *Discover Bank v. Schiefer*, 10th Dist. No. 09AP-1178, 2010-Ohio-2980, ¶ 11 (holding the trial court did not err in refusing to consider a motion to dismiss without certificate of service).   Loc.R. 19 of the Franklin County Court of Common Pleas similarly states that no paper delivered to the court or a judge without a certificate of service shall be considered.

{¶ 9}   Here, appellant's supplemental objections fail to demonstrate proof of service upon appellee, and the record contains no evidence that the supplemental objections were ever served upon appellee.   Because Civ.R. 5(D) requires proof of service upon all parties, the trial court was precluded from considering appellant's supplemental objections to the magistrate's decision.   To the extent appellant argues that FCCSEA and appellee are the same party for purposes of service, R.C. 3115.18(C) provides that the UIFSA does "not create or negate a relationship of attorney and client or other fiduciary relationship between a support enforcement agency or the attorney for the agency and the individual being assisted by the agency."   As such, here, we find FCCSEA and appellee required separate service.

{¶ 10} Appellant next asserts that service upon appellee was not required because "[appellee] did not make an appearance at any time during the proceedings in this case." (Appellant's Reply Brief, 6.)   Appellant's argument relies upon Civ.R. 5(A), which provides "[s]ervice is not required on parties in default for failure to appear."   Upon review, the trial court never made a finding that appellee was in default for failing to appear.   Indeed, R.C. 3115.27(A) of the UIFSA provides "[t]he physical presence of the plaintiff in a responding tribunal of this state is not required for the issuance, enforcement, or modification of a support order."   As such, appellee's non-appearance did not effect appellant's requirement to serve all documents upon appellee.   Because appellant failed to provide proof of service to appellee, we find the trial court did not err in dismissing appellant's supplemental objections to the magistrate's decision for lack of service.

{¶ 11} Accordingly, appellant's fourth assignment of error is overruled.

### B.  First, Second, and Third Assignments of Error

{¶ 12} Our disposition of appellant's fourth assignment of error renders appellant's first, second, and third assignments or error moot.

### C.  Motion

{¶ 13} On August 30, 2013, appellant filed a motion for leave to supplement the record pursuant to App.R. 9(C).   However, we find our disposition of appellant's fourth assignment of error renders appellant's motion for leave to supplement the record moot.

## IV.  CONCLUSION

{¶ 14} For the foregoing reasons, appellant's fourth assignment of error is overruled, and appellant's first, second, and third assignments of error are rendered moot.   The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is hereby affirmed.

*Motion for leave to supplement*
*record rendered moot;*
*judgment affirmed.*

TYACK and CONNOR, JJ., concur.

_____