OPINION
{¶ 1} Defendant-appellant Shirley Hagan appeals from a summary judgment rendered against her and in favor of Arrow Financial Services LLC, the assignee of Hagan's credit card account, in the amount of $1,964.48, together with interest and costs. Hagan, who is pro se, has not specifically assigned error in her brief, but argues, *Page 2 
essentially, that the trial court erred when it rendered summary judgment against her.
 {¶ 2} Hagan contends that summary judgment should not have been rendered against her because she was unable to obtain counsel, and did not realize that her failure to respond to discovery served upon her, which included a request for admissions, could result in judgment being rendered against her. We conclude that this is not a valid basis upon which to avoid summary judgment. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} Arrow Financial Services brought this action against Hagan, contending that it was the assignee of the interest of Citibank in a credit card account in Hagan's name upon which there was due and payable the sum of $1,964.48, for which demand had been made. Hagan, pro se, sent a response to the trial court, which the clerk took to be an answer to the complaint, the entire text of which is as follows:
 {¶ 4} "I received a summons from the civil division of Montgomery County Court Area 1. Case No: 2006CVF01606. I know nothing about this matter."
 {¶ 5} Thereafter, Arrow Financial Services filed discovery requests, including a request for admissions. The following admissions were requested:
 {¶ 6} "1. On or before August 27, 1993, Defendant Shirley Hagan applied for and received an extension of credit known as a Citibank credit card account, bearing Account Number . . . (the `Account').
 {¶ 7} "2. Thereafter, Defendant Shirley Hagan benefited [sic] from the Account by using it to make purchases of various goods and services. *Page 3 
 {¶ 8} "3. Pursuant to the terms of the Account, Defendant Shirley Hagan was required to make monthly payments on the Account to Citibank or its successors or assigns for the purchases and other debits to the Account.
 {¶ 9} "4. During the life of the Account, Defendant Shirley Hagan received monthly credit card statements from Citibank, detailing the transactions on the Account during each billing cycle, including all purchases and other debits, as well as all payments and credits, and stating the minimum payment due.
 {¶ 10} "5. Defendant Shirley Hagan thereafter defaulted on the terms of the Account by failing to make the required minimum monthly payments, resulting in a balance due and owing on the Account in the amount of $1,964.48.
 {¶ 11} "6. Thereafter, Citibank sold all right, title and interest in the Account to the Plaintiff.
 {¶ 12} "7. Due to Defendant's default on the terms of the Account, Defendant Shirley Hagan is liable to Plaintiff for the balance due and owing on the Account in the amount of $1964.48 plus interest at the statutory rate from the date of judgment.
 {¶ 13} "8. Prior to the filing of this suit, Plaintiff demanded payment from Defendant Shirley Hagan for the unpaid balance due and owing on the Account.
 {¶ 14} "9. To date, Defendant Shirley Hagan has not remitted payment for the full balance due and owing to Plaintiff, in the amount of $1964.48, and is not entitled to any additional offsets or credits thereon."
 {¶ 15} In the "Preliminary Statement" preceding Arrow Financial Services's discovery request (which included the request for admissions) the following paragraph was included: *Page 4 
 {¶ 16} "I. With respect to each admission requested herein, Civil Rule 36(A) of the Ohio Rules of Civil Procedure states that each matter of which an admission is requested shall be separately set forth and that the matter is admitted unless, within the period designated above, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or attorney. If objection is made, the reasons therefore [sic] shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter."
 {¶ 17} The first page of the discovery request specified that responses were due at counsel's specified office address "within twenty-eight (28) days after service hereof." Hagan never responded to the discovery request, including the request for admissions.
 {¶ 18} With leave of court, Arrow Financial Services filed its motion for summary judgment, which it factually supported with, among other things, its unanswered request for admissions.
 {¶ 19} Hagan responded to Arrow Financial Services's motion for summary judgment with a letter to the court in which she asserted that she did not know anything about the matter and was unaware of any credit card debt owed to Citibank or to Arrow Financial Services. She did not support her response with any sworn statements, either by herself or by others. She asserted that Arrow Financial Services should be required to furnish documentary proof of the account, and explained why she did not respond to the discovery request, as follows:
 {¶ 20} "I did not complete and return the interrogatories to the Plaintiffs attorney because a lot of personal information was requested and I did not feel comfortable *Page 5 
giving that information to them. The interrogatories came from the Plaintiffs attorney and not from the Court so I did not feel I was compelled to complete and return them. I also know that a trial date of May 3, 2007 had been set for this case to be heard by Judge Connie Price and felt that any pertinent information from me could be obtained at that time. I also felt that at this trial I would be able to finally see the proof that the Plaintiff had which prompted this case to come before the Court. I have now received a notice from the Court that this trial date has been cancelled by the Plaintiff and that they are requesting that the Judge decide the case on the information in the file. I feel that this action on the part of the Plaintiff is a way for them to not have to show proof in this case.
 {¶ 21} "I have not seen any evidence that proves that I am the one who owes this debt. Since I am accused of owing this debt, I feel that I am entitled to see that evidence. The Plaintiff should be made to produce this evidence to me. The information in their motion for summary judgement is not sufficient to grant their motion in my opinion."
 {¶ 22} The trial court's opinion was evidently otherwise, because it granted the motion for summary judgment, and rendered judgment accordingly. From the summary judgment rendered against her, Hagan appeals.
 II {¶ 23} Hagan has not set forth assignments of error in her brief, as required by App. R. 16(A)(3), but we infer her sole assignment of error to be as follows:
 {¶ 24} "THE TRIAL COURT ERRED WHEN IT RENDERED SUMMARY *Page 6 
JUDGMENT."
 {¶ 25} In her pro se brief, Hagan notes that she was unable to afford to retain, and was unable otherwise to obtain, the services of an attorney. She asserts that: "There was no way that I could have known that the case would be decided upon my not completing and returning the request for admissions."
 {¶ 26} Actually, the discovery request itself explained, in paragraph I of the preliminary statement, that Hagan's failure to timely respond to the request for admissions would be deemed to be an admission of the fact requested to be admitted. Moreover, the request for admissions, and the discovery request, generally, both referenced Civ. R. 36, pertaining to requests for admissions, which clearly provides, in division (A) thereof, that: "The matter is deemed admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." Perusal of the Rule would have confirmed Arrow Financial Services's assertion, in its preliminary statement, that failure to timely respond to the request for admissions would be deemed to constitute an admission of the fact requested to be admitted.
 {¶ 27} We are sympathetic to litigants, like Hagan, who find themselves unable to afford legal representation. Nevertheless, a litigant proceeding pro se is bound to follow the Ohio Rules of Civil Procedure just like any other litigant, and that specifically includes the obligation to respond to a request for admissions or suffer the fact requested to be admitted to be deemed admitted. State, ex rel.Montgomery v. Maginn, *Page 7 147 Ohio App.3d 420, 2002-Ohio-183, ¶¶ 4-5.
 {¶ 28} Given the admissions of fact that resulted from Hagan's failure to respond to its request for admissions, Arrow Financial Services established that there was no genuine issue of fact, and that it was entitled to judgment as a matter of law. Consequently, the trial court did not err in rendering summary judgment in favor of Arrow Financial Services.
 {¶ 29} Hagan's sole assignment of error is overruled.
 III {¶ 30} Hagan's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
GRADY and WALTERS, JJ., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio)
Copies mailed to:
James Y. Oh
Shirley Hagan
 Hon. Connie S. Price *Page 1