[Cite as *Wiltshire Capital Partners v. Reflections II, Inc.*, 2020-Ohio-3468.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Wiltshire Capital Partners, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 19AP-415 |
| v. | : | (C.P.C. No. 18CV-6108) |
| | : | (REGULAR CALENDAR) |
| Reflections II, Inc. et al., | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on June 25, 2020

**On brief:** *James E.L. Watson*, for appellant. **Argued:** *James E.L. Watson*.

**On brief:** *Haynes Kessler Myers & Postalakis, Inc.*, and *Christopher T. Cline*, for appellee Ohio Wholesale Auto Sales, LLC. **Argued:** *Christopher T. Cline*.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, Wiltshire Capital Partners, appeals a judgment of the Franklin County Court of Common Pleas that granted summary judgment to defendant-appellee, Ohio Wholesale Auto Sales, LLC, and denied summary judgment to Wiltshire. For the following reasons, we affirm in part and reverse in part, and we remand this matter to the trial court.

{¶ 2} On July 18, 2018, Wiltshire filed an action seeking to foreclose on a 0.450-acre parcel of property located on East Hudson Street, which Ohio Wholesale owned. In the complaint, Wiltshire claimed to be the holder of a note that was secured by a mortgage

on the East Hudson Street property. Although Wiltshire alleged that the maker of the note had defaulted and owed $60,318.53, Wiltshire failed to name the maker in its complaint. Wiltshire also failed to attach a copy of the note to the complaint.

{¶ 3} In the complaint, Wiltshire further alleged that it was the holder of a mortgage on the East Hudson Street property. Wiltshire appended to its complaint copies of the original mortgage and two subsequent assignments. According to those documents, in July 1995, Reflections II, Inc., granted the original mortgage on the East Hudson Street property to Golden & Meizlish Co., LPA. Three years later, in July 1998, Golden & Meizlish assigned the mortgage to Florence C. Odita. In November 2015, Odita assigned the mortgage to Wiltshire. Both the original mortgage and the assignments were recorded with the Franklin County recorder.

{¶ 4} Four months after filing its complaint, Wiltshire moved for default judgment. In its motion, Wiltshire asserted that it had perfected service on all defendants but none had filed answers. The trial court granted Wiltshire's motion. However, the same day the trial court granted Wiltshire default judgment, Ohio Wholesale filed a motion to move or plead. The trial court granted Ohio Wholesale's motion, thus allowing the matter to proceed against Ohio Wholesale only.

{¶ 5} After answering, Ohio Wholesale moved for summary judgment. Ohio Wholesale sought summary judgment on the basis that Wiltshire's mortgage did not encumber the East Hudson Street property because a 1998 auditor's sale of the property vacated all liens and encumbrances, including the mortgage at issue. In its motion, Ohio Wholesale explained the circumstances that led to the auditor's sale. Reflections II, the entity that granted the mortgage in 1995, failed to pay its property taxes on the East Hudson Street property, so the Franklin County prosecuting attorney instituted foreclosure proceedings by action in rem under R.C. 5721.18(C). The property, however, twice failed to sell at sheriff's sale. Consequently, on February 11, 1998, the trial court entered a judgment ordering the property forfeited to the state for disposal pursuant to R.C. 5723.01, et seq. The Franklin County auditor then offered the property for sale at public auction, where Stanford Crockett, Jr., purchased the property for $8,000. Crockett obtained an auditor's deed for the property, which was executed and recorded in August 1998. In May 2015,

Crockett sold the property to Ohio Wholesale, and Ohio Wholesale recorded a quitclaim deed reflecting the conveyance.

{¶ 6} According to Ohio Wholesale, R.C. 5723.12(B) provided that " '[t]he conveyance of the real estate by the auditor shall extinguish all previous title and invest the purchaser with a new and perfect title that is free from all liens and encumbrances, except taxes and installments of special assessments and reassessments not due at the time of the sale, federal tax liens other than federal tax liens [balance of federal tax liens omitted] * * *.' " (Def.'s Mot. for Summ. Jgmt. at 5, quoting R.C. 5723.12(B).) Ohio Wholesale interpreted R.C. 5723.12(B) to mean that the 1998 auditor's sale extinguished Wiltshire's mortgage.

{¶ 7} Wiltshire opposed Ohio Wholesale's motion for summary judgment. Wiltshire maintained that the auditor's conveyance of the East Hudson Street property to Crockett in 1998 did not strip the mortgage from the property. Wiltshire attached to its memorandum contra advertisements of the forfeited land sale that included the East Hudson Street property. The advertisements stated that the sale was pursuant to an "IN REM ACTION; ORC 5721.18C" and warned that:

> THE FOLLOWING FORFEITED TRACTS, LOTS AND PARTS OF LOTS THAT ARE OFFERED FOR SALE PURSUANT TO THIS NOTICE WILL BE SOLD SUBJECT TO ALL LIENS AND ENCUMBRANCES WITH RESPECT TO THOSE TRACTS, LOTS, AND PARTS OF LOTS, OTHER THAN THE LIENS FOR LAND TAXES, ASSESSMENTS, CHARGES, PENALTIES, AND INTEREST FOR WHICH THE LIEN WAS FORECLOSED AND IN SATISFACTION OF WHICH THE PROPERTY IS SOLD.

(Pl.'s Ex. D & E, Pl.'s Memo Contra to Def.'s Mot. for Summ. Jgmt.)

{¶ 8} In addition to opposing Ohio Wholesale's motion for summary judgment, Wiltshire filed its own motion for summary judgment. When moving for summary judgment, Wiltshire introduced the note into the record for the first time by attaching a copy of it to the motion. In the note, Reflections I, Inc., Reflections II, Drycreek Mortgage, Inc., and Tonya A. Miller promised to pay Golden & Meizlish $7,009.16 upon demand. In its motion, Wiltshire claimed to be the holder of the note and mortgage. Wiltshire also contended that Reflections I and Reflections II had defaulted on the note, and they owed

Wiltshire $62,762.14. Wiltshire asked the trial court to grant it summary judgment and order foreclosure.

{¶ 9} In response to Wiltshire's motion, Ohio Wholesale pointed out that Wiltshire had not established itself as the holder of the note. The note was payable to Golden & Meizlish—not Wiltshire—and contained no indorsements. Because the evidence attached to the summary judgment motion did not prove Wiltshire's status as holder of the note, Ohio Wholesale argued that the trial court could not grant Wiltshire summary judgment.

{¶ 10} In a judgment dated May 29, 2019, the trial court granted Ohio Wholesale summary judgment and denied Wiltshire summary judgment. The trial court concluded that the 1998 auditor's sale extinguished the mortgage Wiltshire claimed on the East Hudson Street property.

{¶ 11} Wiltshire now appeals the May 29, 2019 judgment, and it assigns the following errors:

> I. During the summary judgment determination, the trial court abused its discretion to plaintiff-appellant's substantial prejudice by relying upon evidentiary material not listed in Rule 56(C) to reach the conclusion that no genuine issue of material fact existed in the case before the court and, thus, erred as a matter of law in granting summary judgment in favor of the defendant-appellee and against the plaintiff-appellant.
>
> II. The trial court erred in determining that the defendant-appellee was entitled to judgment as a matter of law based upon a statute that is inapplicable and presumed prospective but given retroactive effect.
>
> III. The trial court erred in denying the appellant's motion for summary judgment.

{¶ 12} A trial court must grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an

independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, LLC*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 13} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making conclusory allegations. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* If the moving party meets its burden, then the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. *Dresher* at 293.

{¶ 14} We will begin our analysis with Wiltshire's second assignment of error. By that assignment of error, Wiltshire argues that the trial court erred in its interpretation of R.C. 5723.12. We agree.

{¶ 15} Here, whether Wiltshire's mortgage continues to encumber the East Hudson Street property turns upon events that occurred in 1997 and 1998. During that period, the Franklin County prosecutor pursued an in rem foreclosure action against the East Hudson Street property pursuant to R.C. 5721.18(C), but the property twice failed to sell at sheriff's sale. On February 11, 1998, the trial court ordered the East Hudson Street property forfeited to the state. The Franklin County auditor then sold the property to Stanford Crockett, Jr., and delivered to him an auditor's deed to the property.

{¶ 16} The events of 1997 and 1998 occurred in accordance with statute. A county prosecuting attorney may commence an in rem foreclosure action pursuant to R.C. 5721.18(C). Where real property, pursuant to foreclosure proceedings under R.C. 5721.18, has been advertised and offered for sale on two separate occasions, not less than two weeks apart, but is not sold for want of bidders, that property is forfeited to the state. R.C. 5723.01(A)(1). The forfeiture of real property becomes effective when the court by entry orders the property forfeited to the state. R.C. 5723.01(A)(2). The county auditor must

advertise the sale of the forfeited property and offer each tract of land for sale at public auction. R.C. 5723.05; 5723.06(A)(1). After a sale to a successful bidder, the county auditor provides the purchaser with a recorded auditor's deed to the property purchased. R.C. 5723.12(A).

{¶ 17} This case turns on R.C. 5723.12(B) and (C), which address what liens and encumbrances attach to the title the purchaser receives from the auditor. Those divisions state:

> (B) Except as otherwise provided in division (C) of this section, when a tract of land has been duly forfeited to the state and sold under this chapter, the conveyance of the real estate by the auditor shall extinguish all previous title and invest the purchaser with a new and perfect title that is free from all liens and encumbrances, except taxes and installments of special assessments and reassessments not due at the time of the sale, federal tax liens other than federal tax liens that are discharged in accordance with [the federal Internal Revenue Code], and any easements and covenants running with the land that were created prior to the time the taxes or assessments, for the nonpayment of which the land was forfeited, became due and payable and except that, if there is a federal tax lien on the tract of land at the time of the sale, the United States is entitled to redeem the tract of land at any time within one hundred twenty days after the sale pursuant to [the federal Internal Revenue Code].

> (C) When a tract of forfeited land that was foreclosed upon as a result of proceedings for foreclosure instituted under division (C) of section 5721.18 of the Revised Code is sold under this chapter, the conveyance of the real estate by the auditor shall extinguish all previous title and invest the purchaser with new title free from the lien for land taxes, assessments, charges, penalties, and interest for which the lien was foreclosed, the property was forfeited to the state, and in satisfaction of which the property was sold under this chapter, but subject to all other liens and encumbrances with respect to the tract.[1]

{¶ 18} In the case at bar, the trial court determined that R.C. 5723.12(B) applied. However, the trial court committed two errors. First, the trial court ignored a crucial,

---

[1] We quote, and apply to this case, the version of R.C. 5723.12(B) and (C) that was in effect when the Franklin County auditor conveyed the East Hudson Street property to Crockett. That version of the statute became effective May 8, 1996. Am.Sub.S.B. No. 158, 146 Ohio Laws, Part V, 9095.

salient fact: the Franklin County prosecuting attorney instituted an in rem foreclosure proceeding pursuant to R.C. 5721.18(C) with regard to the East Hudson Street property. We know that the prosecutor commenced foreclosure under R.C. 5721.18(C) because the trial court entry ordering the forfeiture of the East Hudson Street property is entitled "IN THE MATTER OF THE FORECLOSURE OF LIENS FOR DELINQUENT LAND TAXES BY ACTION OF IN REM PURSUANT TO THE OHIO REVISED CODE 5721.18(C)." (Def.'s Ex. C, Def.'s Mot. for Summ. Jgmt.) Additionally, the advertisements for the sale of the forfeited properties, including the East Hudson Street property, stated "IN REM ACTION; ORC 5721.18C." (Pl.'s Ex. D & E, Pl.'s Memo. Contra to Def.'s Mot. for Summ. Jgmt.)

{¶ 19} Second, the trial court erred by excising from R.C. 5723.12(B) the prefatory phrase "[e]xcept as otherwise provided in division (C) of this section." When interpreting a statute, a court must give effect to every word and phrase in the statute. *State ex rel. Carna v. Teays Valley Local School Dist. Bd. of Edn.*, 131 Ohio St.3d 478, 2012-Ohio-1484, ¶ 18. Courts may not delete words used in a statute or otherwise restrict, constrict, narrow, or abridge the General Assembly's wording. *Id.*; *Zumwalde v. Madeira & Indian Hill Joint Fire Dist.*, 128 Ohio St.3d 492, 2011-Ohio-1603, ¶ 24. Therefore, the trial court could not simply ignore a portion of R.C. 5723.12(B).

{¶ 20} Reading R.C. 5723.12 in its totality, we conclude that division (B) determines which liens and encumbrances survive an auditor's sale except in situations where division (C) applies. Division (C) governs "[w]hen a tract of forfeited land that was foreclosed upon as a result of proceedings for foreclosure instituted under division (C) of section 5721.18 of the Revised Code is sold under" Chapter R.C. 5723. R.C. 5723.12(C). Because in this case foreclosure was instituted under R.C. 5721.18(C), division (C) applies here. *See Bank One, Columbus, NA v. Young*, 10th Dist. No. 98AP-1113 (Sept. 7, 1999) ("Because the foreclosure action was brought pursuant to R.C. 5721.18(C), the sale of the real estate was governed by R.C. 5723.12(C), which states that the conveyance of real estate by the Auditor will transfer title to the forfeited sale purchaser subject to all liens and encumbrances other than the tax lien for which the property was foreclosed.").

{¶ 21} Under R.C. 5723.12(C), the purchaser of the land obtains a title free of the lien for land taxes, assessments, charges, penalties, and interest for which the lien was foreclosed. However, the title remains "subject to all other liens and encumbrances with

respect to the tract." R.C. 5723.12(C).[2] The mortgage at issue is not the lien for the unpaid property taxes, assessments, charges, penalties, and interest that resulted in the foreclosure. Consequently, the auditor's conveyance of the East Hudson Street property to Crockett in 1998 did not extinguish the mortgage on the property.

{¶ 22} In addition to arguing that the trial court misinterpreted R.C. 5723.12, Wiltshire asserts that the trial court also erred by retroactively applying a later enacted version of R.C. 5723.12 to the 1998 sale. We are not persuaded that the trial court erred as Wiltshire asserts. The trial court did not specify whether it was quoting and interpreting the version of R.C. 5723.12(B) enacted in 1996 or 2014. Ultimately, we find it irrelevant whether the trial court focused on the 1996 or 2014 version, because the language the trial court interpreted is the same in both versions of the statute. Absent further evidence, we will presume regularity and trust that the trial court did not err by applying the 2014 version retroactively.

{¶ 23} On appeal, Ohio Wholesale raises multiple alternative arguments to support the award of summary judgment in its favor. It contends: (1) Wiltshire has not shown itself to be the holder of the note, (2) either the statute of limitations in R.C. 1303.16(B) or R.C. 2305.06 precludes Wiltshire from bringing an action on the note, and (3) Wiltshire's mortgage has expired under R.C. 5301.30. Ohio Wholesale, however, advanced none of these arguments in its motion for summary judgment.

{¶ 24} When moving for summary judgment, a party must specifically delineate the basis on which it seeks summary judgment in order to allow the opposing party a meaningful opportunity to respond. *Mitseff v. Wheeler*, 38 Ohio St.3d 112 (1988), syllabus. Consequently, a party cannot on appeal expand the basis for seeking summary judgment. *Id.* at 116. Although appellate courts review summary judgment decisions under a de novo standard, a de novo review does not afford appellants a second chance to raise arguments

---

[2] We note R.C. 5723.12(C) corresponds with R.C. 5723.10(C), which mandates that, if forfeited lands were foreclosed upon as a result of proceedings for foreclosure instituted under R.C. 5721.18(C), then the advertisement for the sale of forfeited lands must state "NOTICE IS HEREBY GIVEN TO ALL CONCERNED THAT THE FOLLOWING FORFEITED TRACTS, LOTS, AND PARTS OF LOTS THAT ARE OFFERED FOR SALE PURSUANT TO THIS NOTICE WILL BE SOLD SUBJECT TO ALL LIENS AND ENCUMBRANCES WITH RESPECT TO THOSE TRACTS, LOTS, AND PARTS OF LOTS, OTHER THAN THE LIENS FOR LAND TAXES, ASSESSMENTS, CHARGES, PENALTIES, AND INTEREST FOR WHICH THE LIEN WAS FORECLOSED AND IN SATISFACTION OF WHICH THE PROPERTY IS SOLD[.]" This is the same notice that appeared in the advertisements regarding the East Hudson Street Property, which we quoted above.

they should have raised in the trial court. *Gilson v. Am. Inst. of Alternative Med.*, 10th Dist. No. 15AP-548, 2016-Ohio-1324, ¶ 51.

{¶ 25} Ohio Wholesale moved for summary judgment solely on the basis that the 1998 auditor's sale extinguished Wiltshire's mortgage. Ohio Wholesale cannot now put forth different grounds to support an award of summary judgment in its favor. Thus, we will not consider the grounds for summary judgment that Ohio Wholesale waited until the appeal to raise.

{¶ 26} Ohio Wholesale has also urged this court to immediately dismiss this entire action for lack of jurisdiction because Wiltshire's failure to establish itself as a holder of the note means that it did not have standing to commence a foreclosure action. The term "jurisdiction" encompasses several distinct concepts, including subject-matter jurisdiction and jurisdiction over a particular case. *Bank of Am., NA v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 18. A party may initiate a challenge based on the lack of subject-matter jurisdiction at any time, including on appeal, because it goes to a court's ability to hear a case. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11. Standing, however, does not affect subject-matter jurisdiction, but rather, jurisdiction over a particular case. *Kuchta* at ¶ 22. Ohio Wholesale, therefore, must raise lack of standing, like the other arguments identified above, before the trial court first.

{¶ 27} In sum, we conclude that the auditor's 1998 conveyance of the East Hudson Street property did not extinguish the mortgage at issue in this case. The trial court, therefore, erred in granting Ohio Wholesale summary judgment. Accordingly, we sustain the second assignment of error to the extent that it contends the trial court erred in applying R.C. 5723.12(B) instead of R.C. 5723.12(C) to determine the viability of the mortgage.

{¶ 28} By its first assignment of error, Wiltshire asserts an alternative basis for reversing the trial court's grant of summary judgment to Ohio Wholesale. As we have already found reversal appropriate for the reasons stated in our analysis of the second assignment of error, we conclude that the first assignment of error is moot.

{¶ 29} By its third assignment of error, Wiltshire argues that the trial court erred in denying it summary judgment. We disagree.

{¶ 30} To obtain summary judgment in a foreclosure action, a plaintiff must demonstrate: (1) it is the holder of the note, or it otherwise qualifies as a person entitled to

enforce the note, and it is the holder of the mortgage; (2) if it is not the original mortgagee, the chain of assignments or transfers of the mortgage; (3) the mortgagor is in default; (4) all the conditions precedent have been met; and (5) the amount of principal and interest due. *U.S. Bank NA v. Lewis*, 10th Dist. No. 18AP-550, 2019-Ohio-3014, ¶ 23.

{¶ 31} In the case at bar, Wiltshire stumbles on the first element: proving that it is the holder of the note. The statutory definition of "holder" varies depending on whether the negotiable instrument at issue is made payable to a particular person or not. *Nationstar Mtge. LLC v. Payne*, 10th Dist. No. 16AP-185, 2017-Ohio-513, ¶ 27. If the negotiable instrument is payable to bearer, the holder is the person in possession of that instrument. R.C. 1301.01(T)(1)(a).[3] When a negotiable instrument is payable to an identified person, the holder is the identified person when in possession of the instrument. R.C. 1301.01(T)(1)(b).

{¶ 32} A person can become a holder of a negotiable instrument when (1) the instrument is issued to that person or (2) a holder transfers the instrument to that person through negotiation. Uniform Commercial Code Official Comment (1990), Section 3-201, Comment 1. With one exception, "if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder." R.C. 1303.21(B). An "[i]ndorsement" is "a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument [to accomplish] * * * negotiat[ion] [of] the instrument." R.C. 1303.24(A)(1)(a).

{¶ 33} To identify the holder of a particular note, courts examine the face of the note, as well as any indorsements. *Bank of Am., NA v. Pasqualone*, 10th Dist. No. 13AP-87, 2013-Ohio-5795, ¶ 32. Here, the note is payable Golden & Meizlish, and it contains no indorsements. Because the note is payable to an identified person who is not Wiltshire, Wiltshire has not established itself as the holder of the note. Although Wiltshire claims, nevertheless, to be the holder of the note, Wiltshire provides no explanation or evidence to

---

[3] Effective June 29, 2011, Amended House Bill 9 repealed R.C. 1301.01, amended the provisions of R.C. 1301.01, and renumbered that section so it now appears at R.C. 1301.201. 2011 Am.H.B. No. 9. R.C. 1301.201 only applies to transactions entered into after the effective date of that statute. The note at issue in this case was executed in July 1995, well before the June 29, 2011 effective date of R.C. 1301.201. Consequently, we apply R.C. 1301.01 to this appeal.

substantiate its claim.  The trial court, therefore, did not err in denying Wiltshire summary judgment.  Accordingly, we overrule Wiltshire's third assignment of error.

{¶ 34}  For the foregoing reasons, we sustain Wiltshire's second assignment of error (to the extent set forth above), which moots the first assignment of error, and we overrule Wiltshire's third assignment of error.  We affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas, and we remand this matter to that court for further proceedings consistent with law and this decision.

*Judgment affirmed in part and reversed in part;*
*cause remanded.*

BEATTY BLUNT and NELSON, JJ., concur.

———————————