[Cite as *Autovest, L.L.C. v. Ruff*, 2023-Ohio-2937.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Autovest, L.L.C., | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 23AP-29 |
| | | (M.C. No. 2021 CVF 036652) |
| Adrienne Ruff and Gerry Ruff, | : | |
| | | (REGULAR CALENDAR) |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on August 22, 2023

**On brief:** *Slovin & Associates Co., LPA*, and *Brad A. Council*.
**Argued:** *Brad A. Council*.

**On brief:** *Gerry Ruff*, pro se. **Argued:** *Gerry Ruff*.

APPEAL from the Franklin County Municipal Court

BEATTY BLUNT, P.J.

{¶ 1} Defendant-appellant, Gerry Ruff,[1] appeals from the December 15, 2022 entry granting the motion of plaintiff-appellee, Autovest, L.L.C. ("Autovest"), for summary judgment filed pursuant to Civ.R. 56. For the reasons that follow, we affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} On December 15, 2021, Autovest filed a complaint upon a certain promissory note (the "Note") against appellant and Adrienne Ruff. In the complaint, Autovest alleged it had acquired rights to pursue the Note, a copy of which it attached to the complaint, executed on or about October 17, 2014 by appellant and Adrienne Ruff and the original

---

[1] Although Adrienne Ruff was also a defendant in the action below, we note that she did not file a Notice of Appeal in this matter. It is well-settled that while an individual may represent himself pro se, a non-attorney may not represent another party. Therefore, only Gerry Ruff is an appellant in the instant appeal.

lender, First Investors Financial Services, Inc. ("First Investors") in the original sum of $20,488.81, plus interest. (Dec. 15, 2021 Compl. at ¶ 1-2; Ex. A.) Autovest alleged appellant and Adrienne Ruff were in default under the terms of the Note because, despite demand for payment, installment payments had not been paid. *Id.* at ¶ 4.  In addition to attaching a copy of the Note to the complaint, Autovest attached a copy of the general ledger and accounting of the account of appellant and Adrienne Ruff and copies of correspondence sent from First Investors to appellant and Adrienne Ruff, including a "Notice of Our Plan to Sell Property"[2] and an "Explanation of Calculation of Surplus or Deficiency."  (*See* Compl.)  Autovest also attached to the complaint a copy of the Bill of Sale and Assignment to Autovest of certain accounts owned by First Investors, dated June 27, 2019, and the August 11, 2021 Affidavit of Julie Allen, a representative of Autovest, who attested to the assignment of the account of appellant and Adrienne Ruff by First Investors to Autovest. *Id.*  As a result, Autovest claimed the sum of $12,726.58, accrued interest in the sum of $1,784.23, plus statutory interest from the date of judgment, plus miscellaneous fees or charges pursuant to the Note in the amount of $45.52, plus costs expended, was due and owing to it.  (Compl. at ¶ 7.)

{¶ 3}  In response to the complaint, appellant filed a motion to dismiss on February 1, 2022, arguing that Autovest lacked standing in the matter as it had "not provided the court with any evidence that [Autovest] ever held the alledged (sic) note or took possession of the note and thus has no claim or rights to bring suite (sic) against Defendants." (Mot. to Dismiss at 2.)  On March 30, 2022 the trial court denied appellant's motion to dismiss.

{¶ 4}  On April 21, 2022, Autovest served upon appellant and Adrienne Ruff discovery requests, including requests for admission.  It is undisputed that appellant did not respond to the requests for admission.

{¶ 5}  On September 30, 2022, with leave of the trial court, Autovest filed a motion for summary judgment.  In its motion, Autovest argued that appellant failed to respond to the April 21, 2022 request for admissions and therefore those matters were deemed admitted for purposes of summary judgment, leaving no genuine issues of material fact for trial.  Inexplicably, appellant filed three separate responses to the motion for summary

---

[2] The Property was a 2009 BMW 3 Series.

judgment: first on October 21, 2022, again on October 24, 2022, and again on November 1, 2022. In all three responses, appellant contended, in essence, that Autovest was not entitled to summary judgment because it had failed to properly introduce and/or authenticate the Note. Appellant did not address his failure to respond to the requests for his admission in any of his three responses to the motion for summary judgment. Appellant did, however, attach his own affidavit[3] to both the first response and the last response, in which he purports to attest, amongst other things, that Autovest had not established that the copy of the Note submitted was "a true and accurate copy of the alleged original blue-ink signed Promissory note in this matter." (Gerry Ruff Aff. at ¶ 6 attached to Oct. 21, 2022 Mot. To Deny Pl. Request For Summ. Jgmt.)

{¶ 6} On December 15, 2022, the trial court filed a judgment entry granting summary judgment in favor of Autovest against both appellant and Adrienne Ruff in the principal sum of $12,726.58, plus accrued interest in the sum of $1,784.23 through August 17, 2022, plus interest thereafter at the rate of 3.0 percent per annum until paid, plus miscellaneous fees or charges pursuant to the Note in the amount of $45.52, plus court costs. (Dec. 15, 2022 Entry for Summ. Jgmt.)

{¶ 7} On January 18, 2023, appellant timely filed this appeal.

## II. Assignment of Error

{¶ 8} Appellant asserts the following assignment of error for our review:

> The trial court erred in granting AUTOVEST LLC, Motion for
> summary judgment, and in holding AUTOVEST LLC, to be the
> owner of an alleged note that Gerry Ruff and Adrienne Ruff
> are a party to.

(Sic passim.)

## III. Law and Analysis

### A. Standard of Review

{¶ 9} We review a decision on a motion for summary judgment under a de novo standard. *LRC Realty, Inc. v. B.E.B. Properties*, 160 Ohio St.3d 218, 2020-Ohio-3196, ¶ 11.

---

[3] Although the affidavits have two separate dates on them (Oct. 21 and Oct. 10, 2022, respectively), they are otherwise identical.

De novo appellate review means the court of appeals conducts an independent review, without deference to the trial court's decision. *Wiltshire Capital Partners v. Reflections II, Inc.*, 10th Dist. No. 19AP-415, 2020-Ohio-3468, ¶ 12. Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997). In ruling on a motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of the nonmoving party. *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 10th Dist. No. 18AP-736, 2019-Ohio-4015, ¶ 6.

{¶ 10} Pursuant to Civ.R. 56(C), the party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party cannot satisfy this initial burden by simply making conclusory allegations, but instead must demonstrate, including by use of affidavit or other evidence allowed by Civ.R. 56(C), that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Wiltshire Capital Partners* at ¶ 13. If the moving party fails to satisfy this initial burden, the court must deny the motion for summary judgment; however, if the moving party satisfies the initial burden, the nonmoving party has a burden to respond, by affidavit or otherwise as provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. *Dresher* at 293; *Hall v. Ohio State Univ. College of Humanities*, 10th Dist. No. 11AP-1068, 2012-Ohio-5036, ¶ 12, citing *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991).

### B. Discussion

{¶ 11} In his sole assignment of error, appellant asserts Autovest failed to provide sufficient evidentiary quality materials to establish that the copy of the Note submitted by Autovest is a true and accurate copy and that Autovest is the owner of the Note and entitled to enforce the obligations thereon. Therefore, appellant asserts the trial court erred in granting summary judgment in favor of Autovest. As explained below, we disagree.

{¶ 12} In support of its motion for summary judgment, Autovest submitted the affidavit of Julie Allen as the Authorized Representative of Autovest.[4] In her affidavit, Allen attested that Autovest is the assignee of First Investors on the account of Adrienne Ruff and Gerry Ruff; that as a condition of assignment, First Investors (and/or its successors in interest), has provided records related to the account of Adrienne Ruff and Gerry Ruff that it created and maintained in the ordinary course of business; that Autovest has incorporated these records into its own, maintained them in the ordinary course of business and relied upon them; and that Allen, as part of her duties, is familiar with the account of Adrienne Ruff and Gerry Ruff, having access to, and control over, all records relating thereto which are currently in Autovest's possession. (Sept. 27, 2022 Mot. for Summ. Jgmt.; Julie Allen Aff., ¶ 2-4). Allen further stated that, based on Autovest's information and belief from the records provided by the assignor, the balance due on the debt is $12,726.58 plus accrued interest in the sum of $1,784.23, plus miscellaneous fees or charges pursuant to the agreement in the amount of $45.52. *Id.* at ¶ 5.

{¶ 13} In further support of its motion for summary judgment, Autovest noted that on April 21, 2022, it served upon appellant the following requests for admissions to which appellant had failed to respond:

1. You received originals or accurate copies of each document attached to the Complaint.

2. Each document attached to the Complaint is a true and correct copy of a genuine original document.

3. You contracted for and received credit from plaintiff, or plaintiff's predecessor in interest, on terms set forth in the document(s) attached to plaintiff's Complaint.

4. You signed the original of each document attached to plaintiff's Complaint that bears your name and signature.

5. You received everything you expected to receive in consideration of, or in exchange for, the extension of credit to you by plaintiff, or plaintiff's predecessor in interest.

---

[4] This is the same affidavit of Julie Allen attached to Autovest's complaint.

6. The agreements set forth in plaintiff's Complaint and any exhibits attached thereto have not been subsequently modified or superseded.

7. Prior to the filing of this lawsuit, you never notified plaintiff, or plaintiff's predecessor in interest, of any reason why you were not obligated to pay to plaintiff, or plaintiff's predecessor in interest, the amount sued for.

8. You have defaulted under the agreement by failing to make payments as required.

9. You have made no payments to the plaintiff, or plaintiff's predecessor in interest, that are not reflected in the principal balance sued for in plaintiff's Complaint.

10. The balance herein sued for is due and owing by you to plaintiff.

11. You have no evidence that you are entitled to any credits, offsets, or deductions not already reflected in the balance sued for in plaintiff's Complaint.

12. You received proper notice of the vehicle resale.

13. The resale of the vehicle was performed in a commercially reasonable manner.

14. There are no documents, writings, letters, records, or papers of any kind that you or any other defendant intend to use as evidence of or a basis for any defense or counterclaim in this action.

(Mot. for Sum. Jgmt. at 1; Ex. A.) Appellant does not dispute that the requests for admissions were properly served and that he failed to respond to the requests.

{¶ 14} Under the Ohio Rules of Civil Procedure, Civ.R. 36 permits a party to serve requests for admissions on another party. Pursuant to Civ.R. 36(A)(1), the matter identified in the requests is deemed admitted unless, within the designated period, the answering party serves on the requesting party a written answer or objection addressed to the matter. If the answering party responds with an objection, "the reasons therefor shall be stated" and the "answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Civ.R. 36(A)(2). "An

answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Civ.R. 36(A)(2).

{¶ 15} Under Civ.R. 36(A), a party's failure to timely respond to a request for admissions with an answer or objection "constitutes a conclusive admission of the matter contained in the request, and becomes facts of record the trial court must recognize." *Progressive Direct Ins. Co. v. Harrison*, 10th Dist. No. 17AP-344, 2017-Ohio-8981, ¶ 9, citing *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67 (1985). Such an admission under Civ.R. 36 is made automatically, and the party requesting the admission is not required to take any further action. *R & J Solutions, Inc. v. Moses*, 10th Dist. No. 19AP-703, 2021-Ohio-1315, ¶ 20; *Thomas v. Netcare Corp.*, 10th Dist. No. 17AP-705, 2018-Ohio-3462, ¶ 13. Therefore, " 'once a party fails to timely respond to the requests for admissions, the defaulted admissions become facts, and a motion seeking confirmation of those admissions is not necessary.' " *Progressive Direct Ins. Co.* at ¶ 10, quoting *Samaan v. Walker*, 10th Dist. No. 07AP-767, 2008-Ohio-5370, ¶ 8. "A request for admission can be used to establish a fact, even if it goes to the heart of the case. This is in accord with the purpose of the request to admit—to resolve potentially disputed issues and thus to expedite the trial." *Cleveland Trust Co.* at 67. *See LVNV Funding, LLC v. Kaminsky*, 10th Dist. No. 10AP-1141, 2011-Ohio-3085, ¶ 14; *Thomas* at ¶ 14.

{¶ 16} Here, because appellant neither responded to Autovest's requests for admissions nor sought relief from admission under Civ.R. 36, he conceded that (1) the copy of the Note attached to the complaint is a true and correct copy of the genuine original document; (2) he contracted for and received credit from either Autovest or Autovest's predecessor in interest; (3) he signed the original Note; (4) he failed to make the required payments under the Note; (5) he was in default; and (6) the balance due and owing by him to Autovest pursuant to the terms of the Note. Although the admissions did not establish the assignment of the debt to Autovest, Ms. Allen's affidavit provided evidence of that assignment. In short, by failing to respond to Autovest's requests for admissions, appellant admitted a matter he is now trying to contest, namely that Autovest is entitled to enforce the obligations under the Note. The trial court could properly consider these admissions to

be conclusive in determining that Autovest was entitled to summary judgment in this matter, and upon our de novo review, we likewise may conclude the same.

{¶ 17} As noted above, appellant does not dispute that the requests for admissions were properly served and that he failed to respond to the requests. Nor has he addressed the unanswered requests for admission in any manner in his appellate brief. Instead, in a filing made on May 16, 2023 titled "Judicial Notice" and made a full 26 days after any reply brief was due,[5] he points to his affidavit filed in the trial court on November 1, 2022 as evidence of "rebutting presumption that may arise from [his] failure to respond to the request for admission in this case," asserting that in the affidavit he has "clearly stated that [he] did not admit to the matters in question by failing to respond." (May 16, 2023 Judicial Notice at 1.) Firstly, a review of the affidavit filed in the trial court on November 1, 2022 readily evinces it "clearly states" no such thing. Secondly, even if it did, nothing in the civil rules provides that a party may avoid the consequences of failing to timely respond to requests for admission by belatedly[6] filing an affidavit that purports to negate or "cure" the resulting effect, and appellant has cited no authority for such a novel proposition. Therefore, we reject appellant's position on this point.

{¶ 18} Nor is appellant's status as a pro se litigant a defense to his failure to respond to the requests for admission. Ohio law is well-settled that " '[p]ro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are represented by counsel.' " *Johnson v. Levy*, 10th Dist. No. 18AP-775, 2019-Ohio-3492, ¶ 22, quoting *Rizzo-Lortz v. Erie Ins. Group*, 10th Dist. No. 17AP-623, 2019-Ohio-2133, ¶ 18, citing *In re Application of Black Fork Wind Energy, LLC*, 138 Ohio St.3d 43, 2013-Ohio-5478, ¶ 22. " 'A litigant proceeding pro se can neither expect nor demand special treatment.' " *Id.,* quoting *Rizzo-Lortz* at ¶ 18, citing *Suon v. Mong*, 10th Dist. No. 17AP-879, 2018-Ohio-4187, ¶ 26.

---

[5] Pursuant to App.R. 18(A), any reply brief appellant wished to file was due "within ten days after service of the brief of the appellee." App.R. 18(A). Autovest filed its brief on April 10, 2023. Accordingly, any reply of appellant was due no later than April 20, 2023.

[6] As noted previously, the requests for admission were served on April 21, 2022. Pursuant to Civ.R. 36, appellant had 28 days—until May 19, 2022—to file his responses or objections thereto. *See* Civ.R. 36. Appellant did not first file his affidavit purporting to negate his failure to respond to the requests for admission until October 21, 2022 when he filed his first response to the motion for summary judgment.

{¶ 19} In sum, therefore, because Autovest sustained its initial burden under Civ.R. 56 to demonstrate the absence of a genuine issue of material fact in this case, the burden shifted to appellant to produce some evidence demonstrating such an issue remained for trial. *Dresher*, 75 Ohio St.3d at 293. Although appellant filed multiple responses to the motion for summary judgment, the only evidence he submitted purporting to show there was an issue of fact for trial was his affidavit which, as discussed above, cannot serve to negate the facts already deemed admitted by virtue of his failure to respond to the requests for admissions. Thus, we find the trial court did not err in granting summary judgment in favor of Autovest. Accordingly, we overrule appellant's assignment of error.

## IV. Disposition

{¶ 20} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

JAMISON and LELAND, JJ., concur.

———————