[Cite as *Bankers Healthcare Group, L.L.C. v. Pozycki*, 2025-Ohio-5421.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Bankers Healthcare Group, LLC, | : | |
| Plaintiff-Appellee, | : | No. 25AP-436 |
| | | (C.P.C. No. 24CV-7387) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Stephen M. Pozycki, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 4, 2025

**On brief:** *Slovin & Council Co., LPA,* and *Brad A. Council,* for appellee. **Argued:** *Jon V. Connor*.

**On brief:** *Stephen M. Pozycki*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Stephen M. Pozycki, appeals from the May 1, 2025 judgment entry granting the motion of plaintiff-appellee, Bankers Health Group, LLC ("BHG"), for summary judgment filed pursuant to Civ.R. 56. For the reasons that follow, we affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} This appeal arises out of an action for collection on a Promissory Note. BHG filed a complaint on September 25, 2024, alleging that appellant entered into a Promissory Note whereby he agreed to repay BHG's predecessor in interest $54,080.00 plus interest. According to the complaint, motion, and affidavit attached thereto, appellant had not paid as promised. Thus, BHG sought judgment against appellant in the amount of $49,770.87 for the balance due.

{¶ 3} In response to the complaint, appellant timely filed an answer generally denying the amount claimed due. On December 20, 2024, BHG served discovery requests on appellant, including requests for admission. Appellant did not respond to the requests for admission.

{¶ 4} On February 20, 2025, BHG filed its motion for summary judgment. Appellant did not respond to the motion.

{¶ 5} On May 1, 2025, the trial court issued its entry for summary judgment granting BHG's motion for summary judgment and entering judgment in favor of BHG. (May 1, 2025 Jgmt. Entry.) In its judgment entry, the trial court stated as follows:

> Plaintiff has presented the Court with a motion for summary judgment properly supported by the pleadings, affidavit, and written admissions in the form of Requests for Admissions deemed admitted by Defendant's failure to respond. Civ.R. 56(C); *Paasewe v. Wendy Thomas 5 Ltd.*, Franklin App. No. 09AP-510, 2009-Ohio-6852, ¶ 20 ("A trial court may grant summary judgment based upon admissions that arise due to a party's failure to timely respond to requests for admission."). Together, these materials provide undisputed evidence that Defendant is in breach of the Promissory Note for failure to pay according to its terms. The pleadings, affidavit, and written admissions also establish that the balance due to Plaintiff from Defendant on the Promissory Note is $49,770.87.
>
> Defendant presents no evidence or argument to rebut Plaintiff's motion or demonstrate the continued existence of any question of law or fact.
>
> Therefore, upon review of the relevant pleadings and uncontroverted facts, the Court finds there is no question of fact that Defendant is in breach of the Promissory Note. The Court further finds that Plaintiff is entitled to summary judgment against Defendant in the stated amount due of $49,770.87 plus interest at the rate of 8% per annum from the date of this Judgment Entry, and court costs.

(May 1, 2025 Jgmt. Entry at 2-3.) The trial court awarded judgment against appellant in the sum of $49,770.87 plus interest at the rate of 8 percent per annum from the date of the judgment entry, and court costs. *Id.* at 3.

{¶ 6} This timely appeal followed and is now before the court.

## II. Assignment of Error

{¶ 7} Appellant asserts the following assignment of error for our review:

> The trial court erred by granting summary judgment in favor of the plaintiff based on deemed admissions under Civ.R. 36(A), when the defendant presented that the Requests for Admission were not received, violating Civ.R. 36(B) and the defendant's due process rights.

## III. Law and Analysis

### A. Standard of Review

{¶ 8} We review a decision on a motion for summary judgment under a de novo standard. *LRC Realty, Inc. v. B.E.B. Properties*, 2020-Ohio-3196, ¶ 11. De novo appellate review means the court of appeals conducts an independent review, without deference to the trial court's decision. *Schumacher v. Patel*, 2023-Ohio-4623, ¶ 16 (10th Dist.); *Coppo v. Fixari Family Dental Practice, LLC*, 2022-Ohio-1828, ¶ 9 (10th Dist.); *Wiltshire Capital Partners v. Reflections II, Inc.*, 2020-Ohio-3468, ¶ 12 (10th Dist.). Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *A.J.R. v. Lute*, 2020-Ohio-5168, ¶ 15; *McConnell v. Dudley*, 2019-Ohio-4740, ¶ 18. In ruling on a motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of the nonmoving party. *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 2019-Ohio-4015, ¶ 6 (10th Dist.).

{¶ 9} Pursuant to Civ.R. 56(C), the party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party cannot satisfy this initial burden by simply making conclusory allegations, but instead must demonstrate, including by use of affidavit or other evidence allowed by Civ.R. 56(C), that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; *Wiltshire Capital Partners* at ¶ 13. If the moving party fails to satisfy this initial burden,

the court must deny the motion for summary judgment; however, if the moving party satisfies the initial burden, the nonmoving party has a burden to respond, by affidavit or otherwise as provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. Civ.R. 56(E); *Dresher* at 293; *Hall v. Ohio State Univ. College of Humanities*, 2012-Ohio-5036, ¶ 12 (10th Dist.), citing *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist. 1991). If the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. *Dresher* at 293.

### B. Discussion

{¶ 10} In his sole assignment of error, appellant asserts the trial court erred in granting summary judgment in favor of BHG based on deemed admissions under Civ.R. 36(A), when appellant presented that the requests for admission were not received. We disagree.

{¶ 11} Under the Ohio Rules of Civil Procedure, Civ.R. 36 permits a party to serve requests for admissions on another party. Pursuant to Civ.R. 36(A)(1), the matter identified in the requests is deemed admitted unless, within the designated period, the answering party serves on the requesting party a written answer or objection addressed to the matter. If the answering party responds with an objection, "the reasons therefor shall be stated" and the "answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Civ.R. 36(A)(2). "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Civ.R. 36(A)(2).

{¶ 12} A party's failure to timely respond to a request for admissions "with an answer or objection constitutes a conclusive admission of the matter contained in the request, and becomes facts of record the trial court must recognize." *Progressive Direct Ins. Co. v. Harrison*, 2017-Ohio-8981, ¶ 9 (10th Dist.), citing *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67 (1985). Civ.R. 36 is self-enforcing. *Farah v. Chatman*, 2007-Ohio-697, ¶ 10 (10th Dist.), citing *Gwinn v. Dave Dennis Volkswagen*, 1988 Ohio App. LEXIS 450 (2nd Dist. Feb. 8, 1988). Accordingly, "once a party fails to timely respond to the requests

for admissions, the defaulted admissions become facts, and a motion seeking confirmation of those admissions is not necessary." *Samaan v. Walker*, 2008-Ohio-5370, ¶ 8 (10th Dist.), citing *Farah* at ¶ 10. *Accord Deutsche Bank Natl. Trust Co. v. Stone*, 2021-Ohio-3007, ¶ 19 (10th Dist.); *Autovest v. Ruff*, 2023-Ohio-2937, ¶ 15 (10th Dist.). "A request for admission can be used to establish a fact, even if it goes to the heart of the case. This is in accord with the purpose of the request to admit -- to resolve potentially disputed issues and thus to expedite the trial." *Cleveland Trust Co.* at 67. Furthermore, damages may be established through unanswered requests for admissions. *See Corwin v. Kimble*, 2022-Ohio-3395, ¶ 57-58 (5th Dist.); *Cent. Ins. Co. v. Yeldell*, 2001 Ohio App. LEXIS 4490, *3-4 (2nd Dist. Oct. 5, 2001).

{¶ 13} A court must grant a motion for summary judgment if the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). "Unanswered requests for admission, because the matter involved is deemed admitted, are the equivalent of written admissions for purposes of Civ.R. 56(C)." *Cent. Ins. Co.* at *4, citing *Klesch v. Reid*, 95 Ohio App.3d 664 (8th Dist. 1994). Thus, a court may rely on unanswered requests for admissions to grant a Civ.R. 56 motion for summary judgment. *Progressive Direct Ins. Co.*, at ¶ 15, citing *Mulhollen v. Angel*, 2005-Ohio-578, ¶ 14 (10th Dist.). *Accord L.E. Sommer Kidron, Inc. v. Kohler*, 2007-Ohio-885, ¶ 53 (10th Dist.).

{¶ 14} Here, because appellant neither responded to BHG's requests for admissions nor sought relief from admission under Civ.R. 36, he conceded that he was in breach of the Promissory Note for failure to pay according to its terms. He further conceded that the balance due to BHG from appellant on the Promissory Note is $49,770.87. In short, by failing to respond to the requests for admissions, appellant admitted a matter he is now trying to contest, namely that BHG is entitled to enforce the obligations under the Promissory Note and that BHG is entitled to summary judgment. The trial court could properly consider appellant's admissions to be conclusive in determining that BHG was

entitled to summary judgment in this matter, and upon our de novo review, we likewise may conclude the same.

{¶ 15} Furthermore, we find appellant's assertion that he "presented that the Request for Admission were not received" to be entirely disingenuous. Appellant did not assert that he never received the requests for admission at any time in the trial court. Rather, it is only now in the court of appeals that he has raised this argument. The record is clear that when the court granted BHG's motion for summary judgment on May 1, 2025, appellant had not filed any response to either BHG's requests for admissions, served on December 20, 2024, or BHG's motion for summary judgment, filed on February 20, 2025, when he could have asserted that he had not received the requests for admission. Because he never presented this argument to the trial court, he has waived it. *Bell v. Teasley*, 2011-Ohio-2744, ¶ 15 (10th Dist.), citing *Gangale v. Bur. of Motor Vehicles*, 2002-Ohio-2936, ¶ 13 (10th Dist.) ("Parties cannot raise any new issues for the first time on appeal, and the failure to raise an issue at the trial level waives it on appeal.").

{¶ 16} Nor is appellant's status as a pro se litigant a defense to his failure to respond to the requests for admissions or assert in a response to the motion for summary judgment that he had not received them, as he now argues on appeal. Ohio law is well-settled that " '[p]ro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are represented by counsel.' " *Johnson v. Levy*, 2019-Ohio-3492, ¶ 22 (10th Dist.), quoting *Rizzo-Lortz v. Erie Ins. Group.*, 2019-Ohio-2133, ¶ 18 (10th Dist.), citing *In re Application of Black Fork Wind Energy, LLC*, 2013-Ohio-5478, ¶ 22. Thus, "a litigant proceeding pro se is bound to follow the Ohio Rules of Civil Procedure just like any other litigant, and that specifically includes the obligation to respond to a request for admissions or suffer the fact requested to be admitted to be deemed admitted." *Arrow Fin. Servs., L.L.C. v. Hagan*, 2008-Ohio-2998, ¶ 27 (2nd Dist.), citing *State ex rel. Montgomery v. Maginn*, 147 Ohio App.3d 420, ¶ 4-5 (12th Dist. 2002). In short, " '[a] litigant proceeding pro se can neither expect nor demand special treatment.' " *Id.*, quoting *Rizzo-Lortz* at ¶ 18, citing *Suon v. Mong*, 2018-Ohio-4187, ¶ 26 (10th Dist.).

{¶ 17} Moreover, in addition to the evidence in the form of the matters deemed admitted by virtue of appellant's failure to respond to the requests for admissions, the motion for summary judgment was supported by the affidavit of Daniel Johnston, Senior Manager Portfolio Servicing. Thus, the pleadings, affidavit, and admissions provided undisputed evidence that appellant was in breach of the Promissory Note for failure to make payments according to its terms. Therefore, the trial court did not err in granting summary judgment in favor of BHG.

{¶ 18} Accordingly, based on the foregoing, we overrule appellant's assignment of error.

**IV. Disposition**

{¶ 19} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

MENTEL and EDELSTEIN, JJ., concur.

_____