OPINION
{¶ 1} Plaintiffs-appellants, Fouad Samaan, Nancy Samaan, Ramy Samaan, and Samaan, Inc. ("Samaan"), appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment to defendants-appellees, Gregory Walker ("Walker"), Classic Bar and Billiards, Inc., Classic Limousines, James Billings, Esq. ("Billings"), and Zacks Law Group.[1] For the following reasons, we affirm that judgment. *Page 2 
 {¶ 2} The underlying dispute arose from an August 25, 2005, agreement by which Walker agreed to sell, and Samaan agreed to buy, Classic Bar and Billiards. Billings, an attorney with Zacks, prepared the agreement signed by the parties.[2] Not long after the sale had been completed, the relationship between the parties deteriorated. On August 23, 2006, Samaan filed suit against Walker and Zacks, as well as three other entities, not parties to this appeal. Samaan's complaint alleged causes of action for conspiracy, fraud, breach of contract, promissory estoppel, unjust enrichment, conversion, bad faith, and slander. Samaan's complaint sought to pierce Classic Bar Billiards' corporate veil, and requested $250,000 in compensatory damages and $750,000 in punitive damages, as well as attorney's fees and costs.
 {¶ 3} On March 16, 2007, Walker's counsel served on Samaan requests for admissions pursuant to Civ. R. 36. Among the requests, Walker requested Samaan to admit that: Walker did not make any false statements with the intent to mislead; Walker did not defame or slander Samaan; Walker did not breach any agreement with Samaan; Walker did not act in bad faith or mislead Samaan; Walker did not conspire against Samaan; Walker did not use Classic Bar and Billiards or Classic Limousines to commit fraud or engage in illegal activity; and Walker did not wrongfully withhold Samaan's money in any way that was inconsistent with his right to do so. Samaan filed his responses with the trial court on April 12, 2007, denying the above admissions; a certificate of service was not attached to said filing. *Page 3 
 {¶ 4} On March 27, 2007, Zacks filed a motion for summary judgment which was supported by an affidavit from Billings. Samaan filed a memorandum contra to Zacks' motion, and attached a handwritten affidavit from Ramy Samaan in support.
 {¶ 5} On May 4, 2007, Walker moved for summary judgment, relying heavily upon the requests for admissions served in March 2007, which Walker claimed Samaan failed to answer. Samaan did not file a response to Walker's motion for summary judgment, but, on May 26, 2007, he served Walker with a copy of the responses that were filed with the court in April 2007. On June 8, 2007, Walker filed a motion to strike Samaan's responses; Samaan did not respond to this motion.
 {¶ 6} On June 28, 2007, the trial court granted summary judgment in favor of both Zacks and Walker, and journalized its decisions by entries dated August 31, 2007. During the interim, Samaan filed a motion to reconsider, which the trial court denied on September 13, 2007. Samaan filed a timely appeal, [3] asserting the following assignments of error:
 [1] SUMMARY JUDGMENT GRANTED TO GREGORY WALKER, CLASSIC LIMOUSINES, AND CLASSIC BAR AND BILLIARDS WAS IN ERROR.
 [2] SUMMARY JUDGMENT GRANTED IN FAVOR OF JAMES BILLINGS AND ZACKS LAW GROUP WAS IN ERROR.
 {¶ 7} Appellate review of summary judgment motions is de novo.Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc *Page 4 Corp. (1997), 122 Ohio App.3d 100, 103. Civ. R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel.Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 8} By his first assignment of error, Samaan challenges the trial court's grant of summary judgment in favor of Walker, the basis of which were the requests for admissions deemed admitted by Samaan's failure to respond. Pursuant to the express language of Civ. R. 36(A), requests for admissions are "self-executing; if there is no response to a request or an admission, the matter is admitted." Palmer-Donavin v. Hanna, Franklin App. No. 06AP-699, 2007-Ohio-2242, at ¶ 10. Unlike other discovery matters, "the admission is made automatically and requires no further action by the party requesting the admission." Bronski v. Rite AidCorp. (Feb. 16, 1989), Washington App. No. 88 CA 21 (internal citations omitted). Thus, once a party fails to timely respond to the requests for admissions, the defaulted admissions become facts, and a motion seeking confirmation of those admissions is not necessary. Farah v.Chatman, Franklin App. No. 06AP-502, 2007-Ohio-697, at ¶ 10, citingVilardo v. Sheets, Clermont App. No. CA2005-09-091, 2006-Ohio-3473, at ¶ 21-22; Natl. City Bank v. Moore (Mar. 1, 2000), Summit App. No. 19465;Natl. Mut. Ins. Co. v. McJunkin (May 3, 1990), Cuyahoga App. No. 58458 (motion to deem matters admitted superfluous).
 {¶ 9} The gravamen of Samaan's argument is that the trial court erred in granting summary judgment because his responses to Walker's requests for admissions were filed *Page 5 
with the court within the time period specified in Civ. R. 36, and, as such, his responses were timely. For several reasons, however, this argument fails.
 {¶ 10} First, Civ. R. 36 does not require that a party file responses to requests for admissions with the court, but, rather, the rule requires that they be served upon the requesting party.[4] Given that responses are not required to be filed, the act of doing so is, in essence, a nullity, and it is the service of those responses that is the critical act that must occur within the time specified. Accordingly, because defaulted admissions become facts, which may be used to support a motion for summary judgment, we do not find that the trial court erred in considering Samaan's defaulted admissions as competent Civ. R. 56 evidence. See, e.g., T S Lumber Co. v. Alta Constr. Co. (1984),19 Ohio App.3d 241, 244.
 {¶ 11} Second, Civ. R. 5(D) provides that "papers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed." A certificate of service allows a court to know when a party served opposing counsel. "Unlike the instances where an opposing party has the burden to prove that it did not receive service of a filing even though there was a properly signed proof of service, where there is no proof of service either attached to the filing or separately filed with the trial court, the trial court simply may not consider the filing." Nosal v. Szabo, Cuyahoga App. No. 83974, 2004-Ohio-4076, at ¶ 21 (citations omitted). In this case, the responses that Samaan filed with the trial court did not contain a certificate of service, nor does Samaan direct our *Page 6 
attention to a certificate of service that was separately filed. As such, Samaan cannot seek solace in the fact that he filed his responses to Walker's requests with the court because the same did not contain a certificate of service. As such, the trial court was precluded from considering the same. See, e.g., Nosal; Apps v. Apps, Franklin App. No. 02AP-1072, 2003-Ohio-7154; Erie Ins. Co. v. Bell, Lawrence App. No. 01CA12, 2002-Ohio-6139; Liberty Sav. Bank v. Biscello (Jan. 13, 2000), Franklin App. No. 98AP-1398. We further note that Loc. R. 19 of the Franklin County Court of Common Pleas is in accord with Civ. R. 5(D) and states that a filing which does not contain a certificate of service "shall not be considered[.]" In sum, the civil rules of procedure simply do not support Samaan's argument.
 {¶ 12} And, lastly, even if we were to put aside the issue of Samaan's responses to Walker's requests for admissions, the trial court still did not err in granting summary judgment. Walker's motion met the standard for summary judgment required by Civ. R. 56, and, because Samaan failed to respond with evidence that demonstrated the existence of a material issue of fact, the trial court did not err in granting Walker's motion.Todd Dev. Co. v. Morgan, 116 Ohio St.3d 461, 2008-Ohio-87, at ¶ 14 ("If a moving party meets the standard for summary judgment required by Civ. R. 56, and a nonmoving party fails to respond with evidence of a genuine issue of material fact, a court does not err in granting summary judgment in favor of the moving party."). Accordingly, we overrule Samaan's first assignment of error.
 {¶ 13} In his second assignment of error, Samaan argues that the trial court erred in granting summary judgment in favor of Zacks. Samaan contends that the depositions of Ramy, Fouad, and Nancy Samaan refute the assertions contained in Billings' affidavit, which supported Zacks' motion for summary judgment. Samaan also asserts that the *Page 7 
affidavit of Ramy Samaan, which was attached to Samaan's memorandum contra, was likewise sufficient to defeat Zack's motion.
 {¶ 14} Zacks counters by arguing that attorneys enjoy qualified immunity from liability to third parties regarding acts or omissions in connection with the representation of a client, unless such persons are in privity with the client or the attorney acts maliciously. And, here, Zacks asserts that the language in the asset purchase agreement belies Samaan's claim that an attorney-client relationship existed with Billings, and/or that Billings was representing both Walker and Samaan. In addition to being immune from liability, Zacks contends that summary judgment was properly granted on Samaan's claims for fraud, misrepresentation, promissory estoppel, and bad faith because: (1) Samaan's complaint fails to plead fraud with particularity as required by Civ. R. 9(B); (2) the asset purchase agreement, which states that the seller's agents or attorneys "have made absolutely no oral representations relating in any way to the transaction," negates Samaan's claim for misrepresentation; (3) Billings made no promises to Samaan, let alone, a promise that was likely to induce action or forbearance; (4) Samaan failed to demonstrate fraud, either actual or constructive, in the underlying transaction to support a claim for bad faith; and (5) Samaan cannot maintain a claim for conspiracy because there are no independent claims that survive summary judgment.
 {¶ 15} Our review of the record convinces us that the trial court properly granted summary judgment in favor of Zacks. The depositions referenced by Samaan were filed with the court on July 17, 2007; more than a month after the cut-off for discovery, and, perhaps more importantly, approximately two weeks after the trial court rendered its decision granting summary judgment to Zacks. Thus, because these depositions were not before the trial court, we decline to consider them. *Page 8 
 {¶ 16} Indeed, the only evidence submitted by Samaan in opposition to Zacks' motion for summary judgment was the affidavit of Ramy Samaan. Upon its review, we find that Ramy Samaan's affidavit constitutes, at best, inadmissible hearsay and mere conclusory statements, which were unsupported by proper evidence. We, therefore, agree with the trial court's determination that Ramy Samaan's affidavit was insufficient to withstand Zacks' motion for summary judgment, as nothing therein creates a genuine issue of material fact. Accordingly, Samaan's second assignment of error is overruled.
 {¶ 17} For all the above reasons, we overrule Samaan's two assignments of error, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
PETREE and KLATT, JJ., concur.
[1] Throughout this opinion, Gregory Walker, Classic Bar and Billiards, and Classic Limousines will be collectively referred to as "Walker," and James Billings and Zacks Law Group will be collectively referred to as "Zacks." Singular pronouns are used to refer to Samaan, Walker, and Zacks.
[2] Walker and Zacks maintain that Billings was retained by Walker to represent his interests in the transaction, while Samaan claims to have been led to believe that Billings was representing both parties in the transaction, and would ostensibly be protecting his interests.
[3] As we have decided to resolve the instant appeal on the merits, we decline to consider the arguments advanced by Walker and Zacks regarding the technical defects contained in Samaan's notice of appeal, as well as the nonconforming nature of his brief.
[4] "Each matter of which an admission is requested shall be separately set forth. The party to whom the requests for admissions have been directed shall quote each request for admission immediately preceding the corresponding answer or objection. The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." Civ. R. 36(A)(1). *Page 1