[Cite as *17AP-705*, 2018-Ohio-3462.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Stephanie Thomas,                               :

    Plaintiff-Appellant,                       :

                                       No. 17AP-705

v.                                              :     (C.P.C. No. 17CV-2142)

Netcare Corporation,                            :     (REGULAR CALENDAR)

    Defendant-Appellee.                        :

---

D E C I S I O N

Rendered on August 28, 2018

**On brief:** *Stephanie Thomas*, pro se. **Argued:** *Stephanie Thomas*.

**On brief:** *Freund, Freeze & Arnold, Carl A. Anthony,* and *Bartholomew T. Freeze*, for appellee. **Argued:** *Carl A. Anthony*.

---

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Stephanie Thomas, appeals from a judgment of the Franklin County Court of Common Pleas, granting the motion for summary judgment of defendant-appellee, Netcare Corporation ("Netcare"). For the following reasons, we affirm the judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 2, 2017, appellant filed a pro se complaint against Netcare, alleging that Netcare violated her "constitutional privacy right" by giving her "federally HIPAA prohibited private information" to a third party without her consent. (Compl. at ¶ 1.) Appellant alleged that she experienced "humiliation, disgrace, mental anguish, and loss of reputation" and "accumulated fees from loss of work and back up in bills" because of the

violation and sought "compensatory damages, punitive damages, attorney fees and costs for the federal violation of her constitutional right of privacy." (Compl. at ¶ 3-4.)

{¶ 3} On April 3, 2017, Netcare filed an answer and on April 5, 2017, served a request for admissions upon appellant but appellant did not respond to the request. On August 23, 2017, Netcare filed under seal a motion for summary judgment with exhibits. The trial court granted Netcare's motion and terminated the case.

## II. ASSIGNMENTS OF ERROR

{¶ 4} Appellant filed a timely notice of appeal and raised the following assignments of error for our review:

> [1.] The first assignment of error in the case is that the lower court made the error in granting the summary judgment for dismissal.
>
> [2.] The first assignment of error in the case is that the lower court made the error in not applying there was a constitutional violation of privacy right for the appellant for her health information.
>
> [3.] The first assignment of error in the case is that the lower court made the error in not applying the federal right of Health Insurance Portability and Accountability Act for the appellant for her health information.
>
> [4.] The first assignment of error in the case is that the lower court made the error in not applying the state and federal constitutional of privacy in this case and no code permits two non-administrative agencies to conduct what they did.

## III. DISCUSSION

### A. Standard of Review

{¶ 5} Civ.R. 56(C) provides that:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The Supreme Court of Ohio has explained:

> Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the

> evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 Ohio Op. 3d 466, 364 N.E.2d 267. The burden of showing that no genuine issue of material fact exists falls upon the party who files for summary judgment. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 294, 1996-Ohio-107, 662 N.E.2d 264.

*Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10; *see also, e.g., Esber Beverage Co. v. Labatt United States Operating Co., L.L.C.*, 138 Ohio St.3d 71, 2013-Ohio-4544, ¶ 9.

{¶ 6} The Supreme Court has also discussed in detail the relative burdens of movant and nonmovant:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). In deciding summary judgment, the trial court must give the nonmoving party "the benefit of all favorable inferences when evidence is reviewed for the existence of genuine issues of material facts." *Byrd* at ¶ 25. When reviewing a trial court's decision on summary judgment, our review is de novo and we therefore apply the same standards as the trial court. *Bonacorsi v. Wheeling & Lake Erie Ry.*, 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24.

## B. Analysis of Assignments of Error

{¶ 7}   Appellant's four assignments of error are related and we address them together.  The essence of appellant's assignments of error is that the trial court erred in granting Netcare's motion for summary judgment.  The trial court determined that appellant alleged in her complaint a violation of her "federal right to privacy."  Since the Health Insurance Portability and Accountability Act ("HIPAA") does not create a private cause of action, the trial court determined that "to the extent the plaintiff has brought a claim against the defendant for a violation of HIPAA, it is entitled to a judgment as a matter of law."  (Sept. 26, 2017 Decision at 3.)

{¶ 8}   The trial court also determined that if it construed appellant's complaint as a claim under state law, her claim still fails because her admissions establish that Netcare was privileged to disclose her medical information.  This is because appellant's failure to respond to Netcare's request for admissions resulted by operation of rule and law in her admitting that Netcare's disclosure was "necessary to protect or further a countervailing interest that outweighed [the plaintiff's] interest in confidentiality."  (Aug. 23, 2017 Def.'s Req. for Admis. No. 4.)  The trial court held that Netcare was also entitled to judgment as a matter of law on a potential state law claim by appellant.

## C. Discussion

{¶ 9}   Appellant alleged in her complaint that Netcare "gave federally HIPPA prohibited private information to another private for profit organization.  The defendants shared medical information to the for profit southeast healthcare and recovery that was not given any consent or prior authority[.] * * * Wherefore plaintiff seeks judgment against the defendant for compensatory damages, punitive damages, attorney fees and costs for the federal violation of the plaintiff's constitutional right of privacy."  (Compl. at ¶ 1, 4.)  Appellant in her complaint only mentions her federal right to privacy and the federally enacted HIPAA does not create a private cause of action.

{¶ 10}   In *Boddie v. Van Steyn*, 10th Dist. No. 13AP-623, 2014-Ohio-1069, ¶ 18, this court discussed HIPAA, as follows:

> The purpose of HIPAA is to prevent the disclosure of protected health information by health care providers, except under certain exemptions as required by law.  45 C.F.R. 164.502.  However, HIPAA does not allow a private cause of action, according to Ohio law.  *OhioHealth Corp. v. Ryan*,

10th Dist. No. 10AP-937, 2012-Ohio-60, ¶ 18, citing *Henry v. Ohio Victims of Crime Comp. Program*, S.D.Ohio No. 2:07-cv-0052, 2007 U.S. Dist. LEXIS 14508 (Feb. 28, 2007) (Congress neither expressly nor impliedly provided for any private rights of action to enforce HIPAA."); *Shepherd v. Sheldon*, N.D.Ohio No. 1:11 CV 127, 2011 U.S. Dist. LEXIS 79659 (July 21, 2011) (plaintiffs apparently conceded HIPAPA did not create a private cause of action); *Siegler v. Ohio State Univ.*, S.D.Ohio No. 2:11-cv-170, 2011 U.S. Dist. LEXIS 55389 (May 23, 2011) (in creating HIPAA, Congress did not provide for any private right of action to enforce it); *Wood v. Blyer*, N.D.Ohio No. 5:06 CV 137, 2006 U.S. Dist. LEXIS 85989 (Aug. 9, 2006) (HIPAA does not provide a private cause of action for improper disclosure of medical information but, rather, provides civil and criminal penalties which must be enforced by the Department of Health and Human Services).

HIPAA does not, per se, supply a cause of action to support appellant's claims before the trial court. Accordingly, the trial court had no choice but to grant Netcare's motion for summary judgment.

{¶ 11} We note that the trial court attempted to extrapolate a cause of action for appellant, who was acting pro se, by examining any possible claim appellant might have under parallel state common law, but this was also unavailing.

{¶ 12} In *Biddle v. Warren Gen. Hosp.*, 86 Ohio St.3d 395 (1999), the Supreme Court recognized an independent tort for the unauthorized, unprivileged disclosure to a third party of nonpublic information that a physician or hospital has learned within a physician-patient relationship. "[I]n the absence of prior authorization, a physician or hospital is privileged to disclose otherwise confidential medical information in those special circumstances where disclosure is made in accordance with a statutory mandate or common-law duty, or where disclosure is necessary to protect or further a countervailing interest which outweighs the patient's interest in confidentiality." *Biddle* at 402.

{¶ 13} Netcare attached to its motion for summary judgment a copy of its request for admissions served on appellant on April 5, 2017. Also attached was an affidavit from Netcare's counsel averring that he served appellant and that she did not respond to the request for admissions. Civ.R. 36 requires an opposing party to timely answer a request for admissions by objection or answer. Civ.R. 36(A) provides that "[a] party may serve upon any other party a written request for admission, for purposes of the pending action only, of

the truth of any matters within the scope of Civ.R. 26(B) set forth in the request, that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request."  Unanswered requests for admissions are self-executing; that is they are deemed admitted and become the facts of the case.

> Thus, according to Civ.R. 36(A), the failure of a party to timely respond to [requests for admissions] with an answer or objection constitutes a conclusive admission of the matter contained in the request, and becomes facts of record the trial court must recognize.  *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67, 20 Ohio B. 364, 485 N.E.2d 1052 (1985); *Mulhollen v. Angel*, 10th Dist. No. 03AP-1218, 2005-Ohio-578, ¶ 14; *Paasewe v. Wendy Thomas 5 Ltd.*, 10th Dist. No. 09AP-510, 2009-Ohio-6852, ¶ 20; *Cach v. Alderman*, 10th Dist. No. 15AP-980, 2017-Ohio-5597, ¶ 23. * * *
>
> We have stated that "[p]ursuant to the express language of Civ.R. 36(A), requests for admissions are 'self-executing; if there is no response to a request or an admission, the matter is admitted.' "  *Samaan v. Walker*, 10th Dist. N0. 07AP-767, 2008-Ohio-5370, ¶ 8, quoting *Palmer-Donavin v. Hanna*, 10th Dist. No. 06AP-699, 2007-Ohio-2242, ¶ 10.  Unlike other discovery matters, the admission is made automatically and the party requesting the admission is not required to take further action.  *Samaan* at ¶ 8.  "Thus, once a party fails to timely respond to the requests for admissions, the defaulted admissions become facts, and a motion seeking confirmation of those admissions is not necessary."  *Id.*

*Progressive Direct Ins. Co. v. Harrison*, 10th Dist. No. 17AP-344, 2017-Ohio-8981, ¶ 9-10.

{¶ 14}  And requests for admission are not necessarily limited to just facts.  *Kunze, Games and Street, Inc. v. Kellam*, 10th Dist. No. 73AP-74 (July 10, 1973).  In reaching this conclusion, Judge Whiteside of this Court stated that the staff notes to the July 1, 1972 amendments to Civ.R. 36 provide, " 'Thus a request may properly involve "fact," "opinion," mixed fact and opinion, "mixed law and fact," etc., because such requests will often expedite settlement and trial.  Requests must, however, relate to the facts of the case.' "  *Kellam*, quoting Civ.R. 36 Staff Notes (July 1, 1972).

{¶ 15}  In Netcare's requests for admissions, appellant was asked to admit that Netcare "did not provide any confidential information about [appellant] to any third party

in violation of any federal or state law," and that Netcare "was privileged to disclose such information under the circumstances involved in such disclosure." (Def.'s Req. for Admis. Nos. 1, 3.) Finally, request No. 4 established that Netcare's disclosure "was necessary to protect or further a countervailing interest that outweighed [appellant's] interest in confidentiality." *Id.* at No. 4. Because appellant did not respond to these requests and they related to the facts of her case, under Civ.R. 36 and our holding in *Kellam*, they are deemed admitted in the absence of response.[1]

{¶ 16} The Netcare social worker who disclosed information regarding appellant to another agency signed an affidavit that was attached to Netcare's motion for summary judgment. The social worker asserted that based on her interactions with appellant, the disclosure was necessary for appellant's sister's health and welfare. (Ross Aff. at ¶ 8-10, attached to Aug. 23, 2017 Def.'s Mot. For Summ. Jgmt.)

{¶ 17} The practical problem ensued that Netcare's social worker disclosed appellant's information to an agency that stood to benefit from replacing appellant as the representative payee of appellant's sister's government disability benefits. A representative of that agency relayed the information as little more than a rumor in an unsigned, unverified email causing a probate court investigation of appellant to be undertaken on the basis of the information disclosed, when both appellant and her ward had ceased to use the agency's services in favor of another provider.

{¶ 18} But because appellant did not respond to Netcare's request for admissions, nor seek relief from their being admitted under Civ.R. 36, she conceded under this factual situation that the disclosure of her personal information by Netcare "was necessary to protect or further a countervailing interest that outweighed [appellant's] interest in confidentiality." (Def.'s Req. for Admis. No. 4.) *Kellam*.

{¶ 19} By failing to respond to Netcare's request for admissions, appellant admitted something she could have contested, that Netcare's disclosure of her own confidential information was necessary for her sister's sake insofar as appellant served as her sister's guardian. Accordingly, we overrule all of appellant's assignments of error.

---

[1] We note that the affidavit from the social worker who admitted disclosing appellant's information to another agency would contradict the unanswered request for admission that Netcare "did not provide any confidential information about [appellant] to any third party," and our focus is on whether as a matter of law Netcare's disclosure "was necessary to protect or further a countervailing interest that outweighed [appellant's] interest in confidentiality." (Def.'s Req. for Admis. No. 1, 4.)

## IV.   CONCLUSION

{¶ 20}  For the foregoing reasons, appellant's four assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

**KLATT and HORTON, JJ., concur.**

———————————