[Cite as *Deutsche Bank Natl. Trust Co. v. Stone*, 2021-Ohio-3007.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Deutsche Bank National Trust Company, solely as Trustee for MortgageIT Trust 2005-5, Mortgage-Backed Notes, Series 2005-5, | : | |
| | : | |
| | : | |
| Plaintiff-Appellee, | : | No. 20AP-94 |
| | : | (C.P.C. No. 18CV-5487) |
| v. | : | (ACCELERATED CALENDAR) |
| Barbara A. Stone et al., | : | |
| Defendants-Appellants, | : | |
| | : | |
| Unknown Beneficiaries of the Revocable Trust Agreement, Barbara A. Stone, Grantor, dated: July 14, 2004 et al., | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on August 31, 2021

**On brief:** *Reisenfield & Associates, LLC*, and *John R. Tarter*, for appellee. **Argued:** *John R. Tarter.*

**On brief:** *Doucet Gerling Co., LPA*, and *John A. Zervas*, for appellants. **Argued:** *Barbara A. Stone*, and *Ronald D. Stone*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Defendants-appellants, Barbara A. and Ronald D. Stone (collectively, "appellants"), appeal the January 14, 2020 judgment entry of the Franklin County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Deutsche Bank

National Trust Company ("Deutsche Bank"), and entering a decree of foreclosure. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2}   On June 27, 2018, Deutsche Bank filed a complaint in foreclosure against appellants.[1] In the complaint, Deutsche Bank alleged it was the holder of a note (the "Note"), which it attached to the complaint, executed on or about October 6, 2005 by Barbara A. Stone and the original lender and mortgagee, MortgageIT, Inc., in the original sum of $278,500 plus interest. Deutsche Bank alleged Barbara was in default under the terms of the Note and the mortgage securing the same (the "Mortgage") because installment payments had not been paid. Attached to the complaint was a copy of the Mortgage, which reflected it was executed on October 6, 2005 by MortgageIT, Inc. and appellants. Deutsche Bank alleged it provided notice of such default to Barbara and the Note was properly accelerated. As a result, Deutsche Bank claimed the sum of $287,183.23, plus interest at the rate of 2.625 percent per annum from February 1, 2017, plus late fees, court costs, and other expenses was due and owing.

{¶ 3}   Deutsche Bank further alleged in the complaint that a loan modification, which was attached to the complaint, was executed by Barbara. Additionally, Deutsche Bank alleged it was the holder of the Mortgage and that such Mortgage was a valid first lien on certain real property in Franklin County. Deutsche Bank alleged it held the Mortgage by assignment and attached a copy of the chain of the assignments to the complaint.

{¶ 4}   On September 13, 2018, appellants filed an answer. On August 23, 2019, Deutsche Bank filed notice that it submitted on the same date its first set of interrogatories, request for production of documents, and request for admissions to appellants' counsel. On October 10, 2019, appellants' attorney filed a motion to withdraw pursuant to Loc.R. 18.01 and Prof.Cond.R. 1.16(b) because appellants failed to substantially fulfill their obligations. On October 30, 2019, the trial court filed an order permitting appellants' counsel to withdraw.

---

[1] We note that, as indicated in the complaint, the defendants in this case were Barbara A. Stone, both in her personal capacity and as co-trustee of the Revocable Trust Agreement dated July 14, 2004, Ronald D. Stone, both in his personal capacity and as co-trustee of the same trust, the revocable trust agreement, and unknown beneficiaries of the revocable trust agreement.

{¶ 5} On November 21, 2019, Deutsche Bank filed a motion for summary judgment. In its motion, Deutsche Bank stated that appellants failed to respond to the August 23, 2019 request for admissions. On November 21, 2019, Deutsche Bank filed a motion for default judgment. On January 14, 2020, the trial court filed a judgment entry granting summary judgment in favor of Deutsche Bank and entering a decree of foreclosure.

## II. Assignment of Error

{¶ 6} Appellants appeal and assign the following sole error for our review:

> THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND AWARDED A FORECLOSURE JUDGMENT AGAINST APPELLANTS.

## III. Discussion

{¶ 7} In their sole assignment of error, appellants assert the trial court erred in granting summary judgment for Deutsche Bank in this foreclosure action.[2]

### A. Applicable Law

{¶ 8} Upon a mortgagor's default, the mortgagee may choose among three separate and independent remedies to collect the debt secured by the mortgage: (1) a personal judgment against the mortgagor to recover the amount due on the promissory note, (2) an action in ejectment to take possession of the property, receive income from the property, with such income applied to the debt, with the property restored to the mortgagor when the debt is satisfied, or (3) an action in foreclosure. *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, ¶ 21-24. An action in foreclosure is the enforcement of a debt obligation and the debt is established by the note. *Id.* at ¶ 27. " 'Where a promissory note is secured by mortgage, the note, not the mortgage, represents the debt." *Id.*, quoting *Kernohan v. Manss*, 53 Ohio St. 118, 133 (1895). Generally, a foreclosure action consists of a legal action to collect on the defaulted note combined with an equitable action to force a

---

[2] As a preliminary matter, we address appellants' oral motion for a continuance to seek new representation which was made at oral argument on May 6, 2021. On March 15, 2021, appellants' counsel filed a motion for leave to withdraw indicating that appellants had terminated representation and consented to the withdrawal. On March 16, 2021, we granted counsel leave to withdraw. Appellants had ample opportunity prior to oral argument to seek leave of court for a continuance. Furthermore, prior to withdrawal, a written brief was filed on behalf of appellants by counsel who was affiliated with a firm experienced in the area of foreclosure defense and we have carefully reviewed the same. Consequently, we deny appellants' oral motion for a continuance.

sale of the mortgaged property. *Nationstar Mtge. LLC v. Payne*, 10th Dist. No. 16AP-185, 2017-Ohio-513, ¶ 41.

{¶ 9} To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present "evidentiary quality materials" demonstrating that: (1) it is the holder of the note and mortgage, or is a party entitled to enforce the instrument, (2) if it is not the original mortgagee, the chain of assignments or transfers of the mortgage, (3) the mortgagor is in default, (4) all the conditions precedent have been met, and (5) the amount of principal and interest due. *U.S. Bank Natl. Assn. v. Lewis*, 10th Dist. No. 18AP-550, 2019-Ohio-3014, ¶ 23. *See Wiltshire Capital Partners v. Reflections II, Inc.*, 10th Dist. No. 19AP-415, 2020-Ohio-3468, ¶ 30; *Nationstar* at ¶ 16. "[P]resentation of the note and mortgage documents, along with the affidavit of a loan servicing agent or employee with personal knowledge of the account, may provide sufficient evidentiary support for a summary judgment in favor of the mortgagee." *Green Tree Servicing LLC v. Asterino-Starcher*, 10th Dist. No. 16AP-675, 2018-Ohio-977, ¶ 33, citing *Regions Bank v. Seimer*, 10th Dist. No. 13AP-542, 2014-Ohio-95, ¶ 19, citing *Deutsche Bank Natl. Trust Co. v. Germano*, 11th Dist. No. 2012-P-0024, 2012-Ohio-5833. *See Holden* at ¶ 28, quoting *Washer v. Tontar*, 128 Ohio St. 111, 113 (1934) (noting that "[g]enerally, 'the promissory note is the primary evidence of the debt' * * * and the borrower's history of payments is evidence of amounts credited to reduction of the principal, which proportionately reduce the mortgage lien").

**B. Standard of Review**

{¶ 10} We review a decision on a motion for summary judgment under a de novo standard. *LRC Realty, Inc. v. B.E.B. Properties*, 160 Ohio St.3d 218, 2020-Ohio-3196, ¶ 11. De novo appellate review means the court of appeals conducts an independent review, without deference to the trial court's decision. *Wiltshire Capital* at ¶ 12. Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997). In ruling on a motion for summary judgment, the court must resolve all doubts and construe the evidence in favor

of the nonmoving party. *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 10th Dist. No. 18AP-736, 2019-Ohio-4015, ¶ 6.

{¶ 11} Pursuant to Civ.R. 56(C), the party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party cannot satisfy this initial burden by simply making conclusory allegations, but instead must demonstrate, including by use of affidavit or other evidence allowed by Civ.R. 56(C), that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Wiltshire Capital* at ¶ 13. If the moving party fails to satisfy this initial burden, the court must deny the motion for summary judgment; however, if the moving party satisfies the initial burden, the nonmoving party has a burden to respond, by affidavit or otherwise as provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. *Dresher* at 293; *Hall v. Ohio State Univ. College of Humanities*, 10th Dist. No. 11AP-1068, 2012-Ohio-5036, ¶ 12, citing *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991).

{¶ 12} Here, appellants did not respond to Deutsche Bank's motion for summary judgment but, instead, raise issues for the first time on appeal challenging whether Deutsche Bank met its initial burden under Civ.R. 56. "Issues raised for the first time on appeal are deemed to have been waived or forfeited through failure to assert them before the trial court." *Premiere* at ¶ 7. *See J&H Reinforcing & Structural Erectors, Inc. v. Ohio School Facilities Comm.*, 10th Dist. No. 13AP-732, 2014-Ohio-1963, ¶ 19 ("Issues that could have been raised and resolved in the trial court cannot be raised for the first time on appeal. Thus, issues not raised in the trial court are forfeited on appeal."); *Bell v. Teasley*, 10th Dist. No. 10AP-850, 2011-Ohio-2744, ¶ 15 ("Parties cannot raise any new issues for the first time on appeal, and the failure to raise an issue at the trial level waives it on appeal."). While we apply a de novo standard to our review of a decision granting summary judgment, that standard does not supersede our settled practice of not addressing issues raised for the first time on appeal. *Premiere* at ¶ 7. In accordance with our settled practice, we will not consider any argument appellants make for the first time on appeal in response to the motion for summary judgment, except insofar as those arguments point to issues of material fact in Deutsche Bank's motion and supporting evidentiary materials. *See Charles*

*Gruenspan Co., L.P.A. v. Thompson*, 8th Dist. No. 80748, 2003-Ohio-3641, ¶ 12. Therefore, viewing the evidence in a light most favorable to appellants, we review de novo whether Deutsche Bank met its burden under Civ.R. 56. *See Kraft v. OMCO Bldg., LLC*, 10th Dist. No. 17AP-743, 2019-Ohio-621, ¶ 35-36; *Vahdati'bana v. Scott R. Roberts & Assocs., Co. L.P.A.*, 10th Dist. No. 07AP-581, 2008-Ohio-1219, ¶ 26.

### C. Analysis

{¶ 13} In their sole assignment of error, appellants assert Deutsche Bank failed to meet the requirements for the granting of summary judgment in a foreclosure action. Specifically, appellants contend Deutsche Bank failed to provide sufficient evidentiary quality materials to establish the chain of assignments of the mortgage.

{¶ 14} Here, Deutsche Bank provided in support of its motion for summary judgment the affidavit of Mark McCloskey. In his affidavit, McCloskey, an assistant vice president of Specialized Loan Servicing LLC, a loan servicing agent for Deutsche Bank, stated that at the time of the filing of the complaint, Deutsche Bank, directly or through an agent, had possession of the Note. McCloskey stated the Note was "duly endorsed in blank" and Deutsche Bank was the assignee of the security instrument for the subject loan. In the signature line of the Note attached to McCloskey's affidavit, it states that it is "Pay to the order of:" followed by a blank section and, on subsequent lines, it states: "Without Recourse MortgageIT, Inc." (Nov. 21, 2019 Mot. for Sum. Jgmt., McCloskey Aff., Ex. A.)

{¶ 15} McCloskey stated that attached to his affidavit were true and accurate copies of the assignments of the Mortgage as they appeared in the business records. Also attached to McCloskey's affidavit was a document reflecting an assignment of the Mortgage dated April 20, 2009 from MortgageIT, Inc. to MortgageIT Holdings. Additionally, an attachment reflected a subsequent assignment dated March 26, 2018 from MortgageIT, Inc. to Deutsche Bank. McCloskey averred that the statements in his affidavit were based on his personal knowledge obtained from his personal review of the business records for the loan which was the subject of the foreclosure action.

{¶ 16} Appellants assert that while McCloskey averred in his affidavit that the exhibits reflecting the Mortgage's assignments are true and accurate copies of the original documents, he does not offer testimony regarding the content or validity of the assignments. Appellants further argue that McCloskey offers no explanation for an alleged

gap in the chain of assignments created because MortgageIT, Inc. had already assigned its interest to MortgageIT Holdings prior to its assignment to Deutsche Bank. Appellants assert, therefore, that MortgageIT, Inc. had no interest to assign to Deutsche Bank or that there is a gap in the chain of assignments reflecting an assignment from MortgageIT Holdings back to MortgageIT, Inc. As a result, appellants assert there is no evidence in the record satisfying the requirements of Civ.R. 56 to establish a valid chain of assignments or transfers to provide Deutsche Bank with an interest in appellants' mortgage.

{¶ 17} In support of its motion for summary judgment, Deutsche Bank noted that it served on August 23, 2019 the following requests for admissions on appellants:

> REQUEST FOR ADMISSION NO. 13: Admit that the Plaintiff is the current holder of the Mortgage.
>
> REQUEST FOR ADMISSION NO. 14: Admit that you have no evidence that the Plaintiff is not the current holder of the Mortgage.
>
> * * *
>
> REQUEST FOR ADMISSION NO. 19: Admit that the Mortgage was granted to secure payment of the Note.
>
> REQUEST FOR ADMISSION NO. 20: Admit that the Mortgage secures the Note with the Property.
>
> REQUEST FOR ADMISSION NO. 21: Admit that you have defaulted on the Mortgage by reason of nonpayment.
>
> REQUEST FOR ADMISSION NO. 22: Admit that as a result of your default on the Note and Mortgage, Plaintiff is entitled to foreclose on the same.

(Nov. 21, 2019 Mot. for Sum. Jgmt. at 3-4.) Appellants do not dispute that the requests for admissions were properly served on their counsel at the time and that they failed to respond to the requests.

{¶ 18} Civ.R. 36 permits a party to serve requests for admissions on another party. Pursuant to Civ.R. 36(A)(1), the matter identified in the requests is deemed admitted unless, within the designated period, the answering party serves on the requesting party a written answer or objection addressed to the matter. If the answering party responds with an objection, "the reasons therefor shall be stated" and the "answer shall specifically deny

the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Civ.R. 36(A)(2). "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Civ.R. 36(A)(2).

{¶ 19} Thus, under Civ.R. 36(A), a party's failure to timely respond to a request for admissions with an answer or objection "constitutes a conclusive admission of the matter contained in the request, and becomes facts of record the trial court must recognize." *Progressive Direct Ins. Co. v. Harrison*, 10th Dist. No. 17AP-344, 2017-Ohio-8981, ¶ 9, citing *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67 (1985). Such an admission under Civ.R. 36 is made automatically and the party requesting the admission is not required to take any further action. *R & J Solutions, Inc. v. Moses*, 10th Dist. No. 19AP-703, 2021-Ohio-1315, ¶ 20; *Thomas v. Netcare Corp.*, 10th Dist. No. 17AP-705, 2018-Ohio-3462, ¶ 13. Therefore, " 'once a party fails to timely respond to the requests for admissions, the defaulted admissions become facts, and a motion seeking confirmation of those admissions is not necessary.' " *Progressive Direct* at ¶ 10, quoting *Samaan v. Walker*, 10th Dist. N0. 07AP-767, 2008-Ohio-5370, ¶ 8. "A request for admission can be used to establish a fact, even if it goes to the heart of the case. This is in accord with the purpose of the request to admit—to resolve potentially disputed issues and thus to expedite the trial." *Cleveland Trust Co.* at 67. *See LVNV Funding, LLC v. Kaminsky*, 10th Dist. No. 10AP-1141, 2011-Ohio-3085, ¶ 14; *Thomas* at ¶ 14.

{¶ 20} Here, because appellants neither responded to Deutsche Bank's requests for admissions nor sought relief from admission under Civ.R. 36, they conceded that "[Deutsche Bank] is the current holder of the Mortgage" and that they "have no evidence that [Deutsche Bank] is not the current holder of the Mortgage." (Nov. 21, 2019 Mot. for Sum. Jgmt. at 3.) By failing to respond to Deutsche Bank's requests for admissions, appellants admitted a matter they are now trying to contest, namely that Deutsche Bank was the holder of the Mortgage. *See Thomas* at ¶ 19. The trial court could consider this admission to be conclusive in determining there was no gap in assignment of the mortgage. Upon our de novo review, we likewise can consider the same.

{¶ 21} Furthermore, we have held that "any putative defect in the chain of mortgage assignments would not necessarily create a genuine issue of material fact to preclude summary judgment." *Green Tree* at ¶ 37. " '[T]he negotiation of a note operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered.' " *Deutsche Bank Natl. Trust Co. v. Cassens*, 10th Dist. No. 09AP-865, 2010-Ohio-2851, ¶ 17, quoting *United States Bank Natl. Assn. v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178, ¶ 52 (7th Dist.). "In other words, '[t]he physical transfer of the note endorsed in blank, which the mortgage secures, constitutes an equitable assignment of the mortgage, regardless of whether the mortgage is actually (or validly) assigned or delivered.' " *Green Tree* at ¶ 37, quoting *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. No. 98502, 2013-Ohio-1657, ¶ 65. *See Bank of Am., Natl. Assn. v. Pasqualone*, 10th Dist. No. 13AP-87, 2013-Ohio-5795, ¶ 39. Here, the Note was indorsed in blank and Deutsche Bank established through McCloskey's affidavit that it was the holder of the Note. As a result, the trial court could have relied on this to find there was no genuine issue of material fact as to the chain of mortgage assignments.

{¶ 22} As to the remaining elements necessary for demonstrating entitlement to summary judgment on a foreclosure claim, Deutsche Bank supplied copies of the Note and Mortgage attached to the affidavit of McCloskey, who averred that he was a loan servicing agent with personal knowledge of the account in question. McCloskey stated in his affidavit that Deutsche Bank was the holder of the Note. McCloskey averred appellants were in default because payments were not made as required under the terms of the Note and Mortgage and that all conditions precedent to the acceleration of the Note and foreclosure of the Mortgage had been met. Finally, McCloskey averred that as a result of their default, appellants had due and owing the principal sum of $287,183.23 plus interest and advances for taxes and insurance. As a result, Deutsche Bank established the elements necessary for the granting of a summary judgment in a foreclosure action.

{¶ 23} Therefore, because Deutsche Bank sustained its initial burden under Civ.R. 56 to demonstrate the absence of a genuine issue of material fact, the burden shifted to appellants to produce some evidence demonstrating such an issue remained for trial. *Nationstar* at ¶ 18, citing *Adams v. Kurz*, 10th Dist. No. 09AP-1081, 2010-Ohio-2776, ¶ 10. However, as with the request for admissions, appellants failed to respond to the motion for

summary judgment. Thus, we find the trial court did not err in granting summary judgment in favor of Deutsche Bank. Accordingly, we overrule appellants' assignment of error.

**IV. Conclusion**

{¶ 24} Having overruled appellants' sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.