[Cite as *Cerreta Interiors, L.L.C. v. New Moon, L.L.C.*, 2025-Ohio-4847.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

CERRETA INTERIORS, LLC, ET AL., :

    Appellees, :

                               No. 114815

    v. :

THE NEW MOON, LLC, ET AL., :

    Appellants. :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** October 23, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-973051

---

### *Appearances:*

Ritzler, Coughlin & Paglia, Ltd., Michael A. Paglia, and Jonathon Angarola*, for appellee* Cerreta Interiors, LLC.

Collins, Roche, Utley & Garner, LLC, and Patrick M. Roche,*for appellee* Northeast Ohio HVAC, LLC.

Schneider Bell, Thomas J. Connick, and Jenna R. Bird, *for appellants.*

SEAN C. GALLAGHER, J.:

{¶ 1} The New Moon, LLC, Dawn Bartos, and Robert Bartos (collectively "New Moon") appeal the judgment entered in favor of Northeast Ohio HVAC, LLC

("NEO HVAC"), and Cerreta Interiors, LLC (collectively "defendants") under Civ.R. 56.[1] Because the defendants failed to demonstrate the absence of genuine issues of material fact on all claims advanced in the complaint against them individually, summary judgment was inappropriately entered. For the following reasons, the judgment is vacated and the matter remanded for further proceedings.

{¶ 2} New Moon leased a commercial property from Cerreta. During the lease period, Cerreta hired NEO HVAC to perform work on the property. Employees of NEO HVAC relocated duct work in the building and in the process cut through a brick wall. According to the allegations in the complaint, the employees failed to take measures to prevent the spread of dust containing crystalline silica while making the cuts, such as isolating the area where the cuts occurred, external venting, or using a wet saw. Crystalline silica is a designated carcinogen with set exposure limitations. The lack of remedial efforts led to dust being spread throughout the building, covering New Moon's inventory and retail space.

{¶ 3} New Moon presented an expert who confirmed that crystalline silica was present in the dust created by NEO HVAC's work that had settled around the building. He did not conduct any testing to determine whether the dust was aerosolized in the breathable air but nonetheless determined that levels within the

---

[1] The action began as a forcible-entry-and-detainer action filed by Cerreta against New Moon. New Moon filed an answer including counterclaims and third-party complaints against NEO HVAC, State Farm Insurance Company, and Optimum Cleaning. The counterclaim and third-party complaint against Cerreta and NEO HVAC are the only issues in this appeal because all other claims were dismissed or otherwise resolved and are not otherwise the subject of this appeal.

building exceeded any safe exposure limits. According to the allegations in the complaint, the contamination forced New Moon to close its business. Operations never resumed because the parties disputed whether the building had been properly cleaned. Cerreta hired another company to conduct the cleaning, but according to New Moon, those cleaners were not certified to conduct remediation of hazardous materials, and in fact, during her deposition testimony, the owner of the cleaning company was visibly despondent upon learning that the dust she had been hired to remove contained the known carcinogen.

{¶ 4} The pertinent claims against Cerreta advanced by New Moon in the operative pleading are for breach of lease agreement, breach of landlord duties and responsibilities, negligence, declaratory and injunctive relief, negligent misrepresentation, fraudulent concealment, and constructive eviction, all of which are based on the causing or the failure to remediate the danger. The claims advanced against NEO HVAC are for negligence, breach of implied warranties, and nuisance for causing the spread of the dust.

{¶ 5} Cerreta filed a motion for summary judgment claiming that it cannot be held liable for the hiring of NEO HVAC under general negligence principles. According to Cerreta,

> while an employer is vicariously liable for the negligent acts of its employees committed within the scope of employment under the doctrine of respondeat superior, an employer of an independent contractor **is not liable for the negligent acts of the independent contractor**." (Emphasis added.) [*Hartings v. Nat. Mut. Ins. Co.*, 2014-Ohio-1794 (3d Dist.)] at ¶ 61, citing *Pusey v. Bator*,

94 Ohio St.3d 275, 278 (2002); *Clark v. Southview Hosp. & Family Health Ctr.*, 68 Ohio St.3d 435, 438 (1994).

(Emphasis in original.) No other argument was presented in Cerreta's motion for summary judgment pertaining to the remaining claims.

{¶ 6} NEO HVAC filed its separate motion for summary judgment claiming that (1) New Moon failed to present evidence in support of their claim for negligence because New Moon was unable to prove that the dust created by their work contained crystalline silica; (2) that there was no privity of contract for the purposes of the implied warranty claim; and (3) that nuisance was not the proper cause of action because the dust was a tangible and physical invasion of real property and fell under a trespass theory. According to NEO HVAC, and contrary to New Moon's undisputed evidence, "the record shows that any dust in the New Moon store was completely benign." NEO HVAC primarily relied on an inadmissible statement from a Bureau of Workers' Compensation Division of Safety and Hygiene letter purporting to conclude that the "respirable dust" was below the "ACGIH TLV" and the "OSHA PEL to Respirable Dust." NEO HVAC never explained the meaning of those acronyms or their relevance to its argument presented in the summary-judgment motion.

{¶ 7} Further, that unauthenticated letter was introduced through Dawn Bartos's testimony, primarily limited to acknowledging receipt of it after her

interaction with the bureau employee.[2]  Irrespective of the authentication issue, NEO HVAC failed to address Evid.R. 802 (the rule against hearsay) in its motion for summary judgment.  No admissible evidence was presented from the author of the bureau's report, and instead, the report was solely mentioned as having been received by Dawn Bartos.  None of the statements in the report can be considered for the truth of the matter asserted within the confines of Civ.R. 56.

{¶ 8} The trial court granted both motions, concluding that "pursuant to Civ.R. 56(C), the court, having considered all of the evidence and having construed the evidence in a light most favorable to the non-moving party, determines that reasonable minds can come but to one conclusion, that there are no genuine issues

---

[2] It is well established that the recipient of a letter from a third party cannot authenticate that letter solely through possession of or having received it.  The Staff Notes of Evid.R. 901 provide an informative example:

> If, in the course of everyday affairs, X receives a letter signed by Y, X assumes that Y wrote the letter. From an evidentiary point of view, the common law has not made that assumption. . . . [I]n litigation between X and Y, if X wishes to introduce into evidence a letter handwritten and signed by Y, X could "authenticate" the letter by direct testimony to the effect that he recognizes the handwriting and signature as that of Y because of previous correspondence between X and Y.

*Id.*; *see also State v. Hall*, 2025-Ohio-3199, ¶ 245 (4th Dist.) (reviewing various methods of authenticating letters, including testimony establishing the declarant's knowledge of the writer's linguistic patterns or distinctive facts known only to the writer).  NEO HVAC provides no authority in support of its argument that Dawn Bartos's receipt or possession of the letter is sufficient authentication.  Her deposition testimony was limited to establishing that she received the letter from the person she had spoken to at the Bureau of Workers' Compensation who performed some form of testing.  None of her testimony established that the writer drafted the disputed letter, only that it was presumed to have been signed by him.  Because authentication is irrelevant to the outcome, this issue is simply noted.

of material fact" and the defendants are entitled to judgment as a matter of law.  New Moon appeals that decision.

{¶ 9}   Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56.  *Argabrite v. Neer*, 2016-Ohio-8374, ¶ 14.  Summary judgment is appropriate only when "[1] no genuine issue of material fact remains to be litigated, [2] the moving party is entitled to judgment as a matter of law, and, [3] viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach a conclusion only in favor of the moving party."  *Id.*, citing *M.H. v. Cuyahoga Falls*, 2012-Ohio-5336, ¶ 12.  It must be recognized that appellate review of the granting of summary judgment under Civ.R. 56 is limited to the arguments presented in the motions for summary judgment filed with the trial court.  New arguments cannot be presented for the first time in an appeal.  *Deutsche Bank Natl. Trust Co. v. Stone*, 2021-Ohio-3007, ¶ 12 (10th Dist.), quoting *Premiere Radio Networks, Inc. v. Sandblast, L.P.*, 2019-Ohio-4015, ¶ 7 (10th Dist.).

{¶ 10} Cerreta's motion for summary judgment failed to address all claims advanced in the complaint.  The solitary argument that it was not liable in tort for the acts of NEO HVAC as an independent contractor could not dispose of the breach-of-contract, declaratory-relief, or negligence claims that are not only based on the alleged dispersing of the dust, but also the currently undisputed evidence of Cerreta's inadequate remediation.  At the least, the summary-judgment motion could only result in a partial judgment.  Cerreta's motion addressed less than all the claims asserted by New Moon.  Further, although Cerreta cited the general rule that

an employer of an independent contractor is not liable for the negligence of the contractor, it failed to present any arguments or factual information to demonstrate that NEO HVAC was an independent contractor upon which the trial court could have found in its favor. *See Snyder v. Old World Classics, L.L.C.*, 2025-Ohio-1875, ¶ 4, quoting *Epcon Communities Franchising, L.L.C. v. Wilcox Dev. Group, L.L.C.*, 2024-Ohio-4989, ¶ 15, and *Greenlaw v. United States*, 554 U.S. 237, 243 (2008) ("[O]ur judicial system relies on the principle of party presentation, and courts should ordinarily decide cases based on issues raised by the parties.").

{¶ 11} According to Cerreta's own citation to authority, in order to determine whether a party is an employee or an independent contractor, "[courts] must resolve the central question of 'who had the right to control the manner or means of doing the work[?]'" *Hartings,* 2014-Ohio-1794, ¶ 62, quoting *Bostic v. Conner,* 37 Ohio St.3d 144 (1988), paragraph one of the syllabus. That form of "inquiry is *fact-intensive* and requires the consideration of a number of factors, none of which are dispositive by themselves." (Emphasis added.) *Id.,* citing *Bostic* at 146 and *Hartings.* The entirety of Cerreta's argument in favor of summary judgment was limited to the conclusory statement that "[i]n this case there is simply no record evidence Cerreta is liable for work performed by independent contractors; namely, Co-defendants NEO HVAC who allegedly caused this silica dust at dangerous levels . . . ." This is insufficient to sustain the burden of demonstrating the absence of genuine issues of material fact.

{¶ 12} The summary-judgment standard is well settled. The moving party must identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280 (1996). Only when that burden is satisfied does the nonmoving party then have a reciprocal burden to establish facts showing that there is a genuine issue for trial. *Id.* Simply arguing that the plaintiff lacks evidence does not satisfy the moving party's burden under Civ.R. 56. *Id.* ("The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case.") Cerreta's motion failed to identify any evidence in the record upon which the trial court could resolve whether NEO HVAC is or is not an independent contractor for the purposes of the negligence claim. For these reasons, Cerreta was not entitled to a judgment on all claims as a matter of law.

{¶ 13} NEO HVAC's motion for summary judgment was equally unavailing. Its motion was primarily focused on the claim that New Moon failed to demonstrate hazardous exposure based New Moon's expert's concession as to not conducting any airborne testing. New Moon presented evidence from its expert, documenting the existence of unhealthy levels of crystalline silica in the settled dust around the building. From that, he opined that any airborne disbursement would be sufficient to cause injury. There is no dispute at this stage as to the hazardous nature of that substance at certain levels. NEO HVAC understandably disagrees with New Moon's

expert's conclusion as to the extent of the hazard but claims that in order to demonstrate injury, the dangerous levels of the carcinogen must be airborne.

{¶ 14} Importantly, NEO HVAC identified nothing in the record establishing the fact that the hazardous material must be airborne to be actionable and goes so far as to question whether the trial court even considered the Bureau of Workers' Compensation opinion as to the existence of airborne crystalline silica in the first place. Without the inadmissible statements from the report, however, the only evidence presented in the record establishes the presence of above-normal levels of crystalline silica in the building following NEO HVAC's work.

{¶ 15} New Moon's expert's opinion, standing alone, creates a triable issue of fact even if the Board of Workers' Compensation's conclusion is considered. According to the evidence presented in the record, NEO HVAC's work spread what is considered a known carcinogen around the interior of the building from which New Moon operated its retail store. New Moon's expert provided some evidence that the extent of the respirable concentration is unnecessary to his conclusions as to the dangers posed and damage caused by the spread of the carcinogen. Thus, according to the undisputed evidence within this record, the sole question is whether that exposure caused injury, and on that point, NEO HVAC provides no citation to any admissible part of the record to demonstrate the absence of a genuine issue of

material fact. NEO HVAC's motion for summary judgment should have been denied.[3]

**{¶ 16}** Based on the foregoing, the trial court erred in granting both motions for summary judgment based on the limited arguments presented by NEO HVAC and Cerreta. The judgments entered against New Moon are vacated, and this matter remanded for further proceedings.

The court finds there were reasonable grounds for this appeal.

It is ordered that appellants recover from appellees costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, A.J., and
EMANUELLA D. GROVES, J., CONCUR

---

[3] In this appeal, NEO HVAC asks in the alternative to affirm the judgment on the breach-of-implied-warranty and nuisance claims independent of the negligence claim advanced by New Moon. Because the trial court granted judgment in favor of NEO HVAC on all claims, a decision that can only be based on NEO HVAC's argument regarding the presence of a known carcinogen, we decline to consider argument that could only result in a partial judgment in the first instance. Nothing in the record demonstrates that the trial court considered NEO HVAC's alternative arguments regarding legal questions. The trial court's decision expressly concluded that there were no genuine issues of material fact. That inherently suggests that the legal discussion regarding the applicability of the implied-warranty and nuisance claims was left unresolved.